MARY BEIN, AND RICHARD BEIN, HER HUSBAND, G. S. HAWKINS, AND JAMES M'MASTERS, PLAINTIFFS IN ERROR, *v.* MARY HEATH.

The proper condition of an injunction-bond is "to answer all damages which the defendant may sustain in consequence of the injunction being granted."

Where a bond was given in order to obtain an injunction to suspend proceedings, under an order of seizure and sale, and the condition was that the principal and sureties "would pay to the plaintiff, in the case of seizure and sale, all such damages as he may recover against us, in case it should be decided that the said injunction was wrongfully obtained," this bond was irregular.

It conformed to the Louisiana practice, by which, if an injunction be dissolved judgment is at once given for the debt, interest, and damages, against the principal and sureties in the injunction-bond.

But the equity practice in the courts of the United States is regulated by the laws of Congress, and the rules of this court made under the authority of an act of Congress; and one of those rules is, that, when not otherwise directed, the practice in the High Court of Chancery, in England, shall be followed.

According to these rules, a court of equity cannot, when it dissolves an injunction, give judgment, at the same time, against the obligors.    It merely orders the dissolution, leaving the obligee to proceed at law against the sureties, if he sustains damage from the delay occasioned by the injunction.

THIS case was brought up, by writ of error, from the Circuit Court of the United States, for the Eastern District of Louisiana.

It was an action brought by the defendant in error upon an injunction-bond, and was a consequence of the case of Bein et al. *v.* Heath, reported in 6 Howard, 228.

A brief recital of the circumstances may be necessary.

In May, 1838, Mary Heath lent some money to Mary Bein, the wife of Richard Bein, and took a mortgage upon the separate property of the wife to secure the payment of two notes, one for $10,711.71, and the other for $535.50.

In 1840 Richard Bein applied for the benefit of the insolvent law, notwithstanding which the interest upon the loan continued to be paid to Mary Heath, until 1842.

The interest then becoming in arrear, Mary Heath applied for, and obtained, a writ of seizure and sale of the mortgaged property in May, 1843.

Bein and wife then filed a bill in the Circuit Court of the United States for the Eastern District of Louisiana, to set aside the mortgage, upon the ground that it was not executed conformably to law, and praying for an injunction to suspend proceedings, under the order of seizure and sale. On the 28th June, 1843, the court passed the order directing the injunction to issue as prayed, upon the complainants giving a bond with certain sureties named in the order, to answer all damages which the defendant in that suit might sustain in consequence of said injunction being granted, should the same be thereafter dissolved.

On the 21st of June, 1843, a bond was executed in the penalty of $3,000, signed by Mary Bein, G. S. Hawkins, and James McMasters; but instead of the condition being in the manner prescribed by the court, it was as follows: —

"Now the condition of the above obligation is, that we, the above bound Mary Bein, Gilbert S. Hawkins, and James McMasters, sureties, will well and truly pay to the said Mary Heath, the defendant in said injunction and plaintiff in said case of seizure and sale, all such damages as she may recover against us, in case it should be decided that the said injunction was wrongfully obtained.

Signed,                           M. Bein,
                                  G. S. Hawkins,
                                  James McMasters."

Upon the trial of the cause in the Circuit Court, that court decided that the mortgage was well executed, and dissolved the injunction. Bein and wife appealed to this court. It came up for hearing at January term, 1848, and is reported in 6 How. 228. This court having affirmed the judgment of the Circuit Court, the order of seizure and sale became released from the injunction, and was executed by the marshal. The mortgaged property was sold for only $7000.

In December, 1848, Mary Heath brought a suit, by way of

petition, upon the injunction-bond, alleging that she was greatly damaged by the wrongful issuance of said injunction; that she encountered long delays in obtaining any portion of the sum due to her; that she incurred many and heavy expenses in consequence of the said injunction, and was subjected to great vexation and trouble.

That she is entitled by law to damages, at the rate of ten per cent. per annum upon the amount enjoined; that she has paid various large sums to lawyers for their professional services in defending said injunction, and in getting the same dissolved, viz., to Messrs. Ellmore & King, attorneys at law, seven hundred dollars; to John R. Grymes, attorney at law, five hundred dollars; to J. W. Smith, five hundred dollars; and to attorneys and counsellors in Washington to attend the argument of the case in the Supreme Court — to Walter Jones, attorney at law, two hundred and fifty dollars, and to —— Bradley, Esq., attorney at law, two hundred and fifty dollars.

That the trouble and labor of the petitioner was an injury to her of at least one thousand dollars.

That the damages thus caused to the defendant, as above alleged, amount to about eight thousand six hundred dollars, which the said Mary Bein and the said Gilbert S. Hawkins are bound *in solido* to pay to the petitioner, by virtue of the foregoing allegations, and the bond signed by them to the extent of three thousand dollars. As the damages greatly exceed the amount of the bond, the petitioner is entitled to judgment against the defendant for the whole penal sum of the said bond, viz., for three thousand dollars, with interest from the date of judicial demand.

To this petition the general issue was pleaded, and in May, 1849, the cause came on for trial before the court, a jury being waived by agreement.

Two bills of exceptions were taken to rulings of the court in admitting certain evidence, as follows:

### Circuit Court of the United States, Fifth Circuit.

Be it known, that on the trial of the above suit, the counsel for the plaintiff, to maintain the allegations of his petition, offered to prove by witnesses the amount of fees paid by the plaintiff to Ellmore & King, J. R. Grymes, and J. W. Smith, Esqrs., her attorneys in the court below, in the suit in chancery of Bein and wife against said Heath, and in the proceedings had in the seizure and sale obtained by said Heath against said Bein, which said seizure and sale were enjoined in said suit in chancery, to the introduction of which the defendants, by their counsel, objected, on the ground that the employment of said counsel by

said plaintiff occurred before the issuing of the injunction and executing and filing of the injunction-bond in the suit, and before the said defendants had incurred any obligation to pay any damages, interest, or costs in said suit.

And at the same time and place the said plaintiff, to maintain the allegations in her said petition, offered to prove by an attorney at law the supposed value of the legal services rendered by the counsel for the plaintiff, in the said chancery suit in the Supreme Court of the United States; to the introduction of which said evidence the defendants, by their counsel, objected, on the ground that no evidence could be offered of a *quantum meruit*, under the issue formed between the parties aforesaid, the plaintiff in her petition having pleaded the payment to said counsel of a specific sum of money as their fees. But the court being of the opinion that all of said evidence was admissible, received the same. Whereupon the counsel for the defendant excepted to both rulings of the court as contrary to law, and prays that the bill of exceptions may be signed and sealed, and made a part of the record, which is accordingly done.

THEO. H. McCALEB, [SEAL.]
*U. S. Judge.*

*Circuit Court of the United States, for the Fifth Circuit and District of Louisiana.*

Be it known, that on the trial of this suit the plaintiff, by her counsel ———— ————, to maintain the allegations of her petition, offered to prove that a large portion of the rent of the mortgaged premises, for the sale of which she had issued against Mary Bein her executory process, has not been paid over to her by the tenant to whom the premises had been leased before the issuing of the injunction to stay said process; to the introduction of which evidence the defendants, by their counsel, objected as irrelevant to the issue joined, and because the court had appointed the marshal of the United States the receiver to collect said rent, and to hold the same subject to the final judgment of the court; and that the loss of said rent constituted no part of the damage sustained by the plaintiff by the issuing of the injunction, for which the defendants are legally liable on the injunction bond sued on; but the court being of the opinion that said evidence was admissible, received the same. To the admission of which said evidence the defendants, by their counsel, except and pray that this their bill of exceptions may be signed, sealed, and made a part of the record, which is done.

THEO. H. McCALEB, [SEAL.]
*U. S. Judge.*

---

Bein et al. *v*. Heath.

---

On the 14th of May, 1849, the court pronounced its judgment, and after sundry proceedings which it is not necessary to state, on the 15th of June, 1849, the judgment was signed as follows:

### *Judgment.*

MARY HEATH  
     *v.* } No. 1751.  
MARY and RICHARD BEIN et al.

The parties herein having waived the jury and submitted this case to the court, after argument on the evidence, ᵭ the court being satisfied from the evidence, that the plainti'. has suffered damages from the injunction obtained by Mary Bein and her husband, to a greater extent than the amount of the penalty in the bond sued on, and that the plaintiff is entitled to recover in this suit to the extent of the penalty of the bond against the defendants *in solido :*

It is hereby ordered, adjudged, and decreed, that the plaintiff have judgment against Mary Bein and Gilbert S. Hawkins, and James McMasters, *in solido*, for the sum of three thousand dollars, with interest from the second day of December, A. D. 1848, until paid, and costs of suit.

Judgment rendered 14th May, 1849.

Signed 15th June, 1849.

                THEO. H. McCALEB, [SEAL.]  
                        *U. S. Judge.*

On the 19th of June, the court passed the following order:

On motion of — Eggleston, Esq., of counsel for defendants, and on his representing to the court that the said defendants felt aggrieved at the judgment herein rendered on the 15th instant, and that they desire to have a writ of error, that the proceedings may be reviewed in a higher court, it is ordered, that a writ of error be, and the same is, hereby allowed to the said defendants, returnable to the next term of the Supreme Court of the United States, on their furnishing bond with S. W. Oakey, as surety, in the penal sum of four thousand six hundred dollars, conditioned as the law requires.

Upon this writ of error, the case came up to this court.

It was argued by *Mr. Coxe*, for the plaintiffs in error, and *Mr. Bradley*, for the defendant.

*Mr. Coxe*, for the plaintiffs in error, made the following points

    1. Under the law of Louisiana, no action of debt will lie upon

Bein et al v. Heath. .

an injunction bond for the purpose of fixing the damages. The act of 25th March, § 3, p. 102, declares that, on the trial of injunction, the surety on the bond shall be considered as a party plaintiff in the suit; and, in case the injunction is dissolved, the court, in the same judgment, shall condemn the plaintiff and surety, jointly and severally, to pay the defendant interest at the rate of ten per centum, &c. McMillen v. Gibson, 10 Louis. Rep. 518, 519. This statute always received a rigorous construction, De Lizardi v. Hardaway, 8 Rob. 21. Where the sum enjoined carries the highest conventional interest, further interest will not be allowed on a dissolution. See, also, McCarty v. McCarty, 19 Louis. 200; Dabbe v. Hernken, 3 Rob. 125; Erwin v. Bank of Louisiana, 5 Louis. Ann. Rep.; Maxwell v. Mallard, Ib. 702.

2. In an action on a penal bond, and especially against sureties, no damages can be recovered, except such as are proved to have resulted from a breach of the condition; and such breach must be distinctly averred in the pleadings.

The condition of the bond in this case is, to pay M. H. all such damages as she may recover against us, in case it should be decided that the said injunction was wrongfully obtained. No breach of this condition is alleged or proved. It obviously was framed with a view to the Louisiana statute. The damages must have been ascertained in the suit in which the injunction was obtained; and then the payment of such damages as shall have been awarded may be recovered on failure to pay them. The fees paid to the Louisiana counsel were allowed to be proved, although, as the first exception shows, they were paid to them as attorneys, not only in the suit in chancery in which the injunction was obtained and the injunction-bond given, but also in the proceedings had in reference to the seizure and sale. These proceedings were anterior to and independent of the injunction, and the fees paid in them cannot, under any proper pleadings upon any form of an injunction-bond, constitute an item of damage to be recovered in an action upon such bond.

The item for fees paid to the counsel in the Supreme Court, was inadmissible upon two grounds. 1st. The plaintiff, in her petition alleges that the injunction was dissolved by the decree of the Circuit Court. The injunction was, in fact, dissolved July 27, 1844. At that day, the responsibility of the obligors was fixed; for the damages sustained up to that time from the injunction they were answerable, but for none accruing subsequently, in the further progress of the cause. 2d. The petition avers that the sum of two hundred and fifty dollars was paid to each of the Washington counsel; the exception shows that plaintiff offered to prove, by an attorney-at-law, the supposed value

15*

of the legal services rendered by the counsel in the Supreme Court. This was objected to, but the objection was overruled. We submit that this was error. It is in express contradiction of the decisions in Louisiana. In Brashiers *v.* Wilkins, 9 Rob. 57, it was ruled that one who has obtained a dissolution of the injunction cannot recover for attorney's fees as special damages, where the evidence does not show that any was actually paid, but only the value of the services. Rhodes *v.* Skolfield, 10 Rob. 133. No counsel fees allowed as special damages where none proved to have been paid.

3. The non-payment of the rents by the tenant of the mortgaged premises constitutes no breach of the condition of the injunction-bond, for which the obligors are responsible. These parties never became sureties for the tenant; they never understood that he should pay any thing to the plaintiff. The petition in this case charges no such obligation, and avers no breach of it. The charge has no foundation in law.

The exception, however, sets forth as a specific ground of exception that the court had appointed the marshal to be the receiver to collect these rents, and to hold the same subject to the final judgment of the court. To enforce this item of claim against these parties would be to make them, by a most strained construction of their bond, sureties for the tenant that he would pay his rent, and then sureties for the marshal that he should faithfully discharge his trust.

Upon each and every of these grounds, it is submitted that the judgment of the Circuit Court should be reversed.

*Mr. Bradley,* for the defendant in error, contended:

That, by the laws of Louisiana, the party suing out an injunction shall be answerable for all such damages as may have been sustained by the defendant, in case it should be decided that the injunction had been wrongfully obtained. Co. Prac. art. 304.

By the act of 25th March, 1831, (Greiner's Dig. art. 1602,) it is further provided that, on the trial of an injunction, the surety on the bond shall be condemned with the principal in the same judgment, in case the injunction shall be dissolved, to pay interest at the rate of ten per cent. per annum on the amount of the judgment, and not more than twenty per cent. damages, unless damages to a greater amount be proved.

After an injunction issues against an order of seizure and sale, no proceedings can take place under the latter process until the injunction is finally disposed of. And, if the plaintiff be nonsuited, he may take a suspensive appeal therefrom, on giving his bond for a sum exceeding one-half the amount of the

judgment against him.   And in case the plaintiff, in the order of seizure, attempt to sell under it, he may be restrained by a writ of prohibition from the Supreme Court, until the injunction suit be finally disposed of in that tribunal.   State v. Judge Buchanan, 19 La. 171.   A suspensive appeal is defined in arts. 575, 578, Lou. Co. Prac.

In this case, the proceeding was to subject real estate to sale, and the bond was taken in time, within ten days after the execution of the judgment, in a sum directed by the judge, under article 578.

The injunction was not finally disposed of by this court until January term, 1848, and no action could be maintained on the bond until after that dissolution.

The remedy may be by action on the bond, and it is sufficient to allege the order of seizure and sale, the interruption of its execution by the injunction; its dissolution, the damages sustained thereby by the plaintiff, and the failure of the principal and his surety to comply with their engagement.   Penniman v. Richardson, 3 La. 103; Florance v. Nixon, Ib. 291; and see 2 Rob. 180, Ib. 213.

The damages claimed are for long delays in obtaining any portion of the sum due to her; many and heavy expenses in consequence of the injunction, and great vexation and trouble.

She shows that the property mortgaged sold for the sum of seven thousand dollars only, leaving a large amount still due; and that she paid large sums to attorneys and counsel for professional services in defending the said injunction suit.

By law, in the discretion of the judge, she is entitled to damages not exceeding twenty per cent. on the amount of the judgment enjoined.   If she claims more she must plead it specially, and prove it.   Landry v. L'Eglise, 3 L. R. 221.   And counsel-fees may be allowed as special damage, over and above the twenty per cent.   Ib.; Benton v. Roberts, 3 Rob. 226; Ricard's heirs v. Heriart, 5 La. 245; Wilcox v. Bundy, 13 La. 381; Pargrout v. Morgan, 2 La. 102.

The allowance of special damages and interest is within the discretion of the court.   Arnous v. Lessessier, 12 La. 126. And where it appears plaintiff is acting wholly in bad faith in suing out an injunction, he will be visited with the full measure of damages and interest.   Selby v. Merrienneaux, 11 La. 485.   And counsel fees may be allowed, although they have not in fact been paid.   Brown v. Lambeth, 2 Lou. Ann. Rep. 822. Farrar v. The New Orleans Gas-Light Company, Ib. 873.

There could be no objection to the admissibility of the proof in the second branch of the first exception.   Although the claim was for a specific sum, it was not founded on an express con-

tract or agreement between Mrs. Heath and Mrs. Bein and her securities. It was for the court to say whether the sums paid were reasonable or not; and if the plaintiff had proved that she had paid a specific sum for the services of the counsel, she would not necessarily have been entitled to that, but only to so much as the judge should find was reasonable.

But, in the absence of proof of the payment of a specific sum, it was clearly competent for her to show what would be a reasonable allowance.

In regard to the second exception, it seems quite clear that the evidence objected to was admissible to show the damages which the plaintiff had sustained by the injunction. The basis of the law, allowing damages beyond interest, is indemnity. It is intended not only to secure the payment of the interest and costs, but the consequential injuries resulting from the unjust obstruction of legal process, and, for the trouble, expense, and actual loss. Now, part of the injury here, was clearly occasioned by the plaintiff's interference by this injunction, which, in its progress, caused the loss of those rents, the receipt of which might have gone far to diminish the amount of the debt and interest, and thereby the loss has been enhanced beyond the penalty of the bond.

And, finally, the whole question of fact was tried by the court. The interest alone, at ten per cent., would amount to much more than the whole penalty of the bond; and damages at twenty per cent., would be equal to two thirds, and the counsel fees paid and proved, added to this, also exceed it; and whether the judgment is for interest or for damages, justice has been done between the parties by the judgment; and the evidence which was admitted can have done no harm to the plaintiff in error, and could not have affected the decision one way or the other.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is an action on an injunction-bond given by Mary Bein, one of the plaintiffs in error in a suit in equity in the Circuit Court of the United States for the Eastern District of Louisiana, in which Bein and wife were complainants, and Mary Heath. the present defendant in error, the respondent.

It appears that Mary Bein executed certain promissory notes for the payment of a large sum of money, and mortgaged her separate and individual property to secure the debt. These notes and the mortgage became the property of Mary Heath, as the legal representative of Sherman Heath, who loaned the money for which they were given, and who died before any proceedings were instituted to recover it.

The·notes not being paid, Mary Heath obtained a writ for the seizure and sale of the mortgaged premises, according to the laws of Louisiana. And Bein and wife thereupon filed their bill in the Circuit Court of the United States, setting forth that the separate property of Mary Bein, which had been seized, was not legally or equitably chargeable with the payment of this debt, and praying an injunction to stay the sale. It is unnecessary to state the grounds on which the complainants asked relief, as the merits of that controversy are not involved in the present suit. The court passed the order directing the injunction to issue, as prayed, upon the complainants giving a bond with certain sureties named in the order, to answer all damages which the defendant in that suit might·sustain in consequence of said injunction being granted, should the same be thereafter dissolved.

The bond was given in the penalty, and with the sureties, mentioned in the order. But, instead of making the condition such as the court had directed, which was the proper one, according to established chancery practice, the complainants adopted, we presume, the form used in the State courts of Louisiana, in cases where the law requires an injunction-bond to stay execution on a judgment or order of seizure and sale. The condition is as follows:

" Now, the condition of the above obligation is, that we, the above bounden Mary Bein, and Gilbert S. Hawkins, (and) James McMasters, sureties, will well and truly pay, to the said Mary Heath, the defendant in said injunction, and plaintiff in said case of seizure and sale, all such damages as she may recover against us, in case it should be decided that the said injunction was wrongfully obtained."

The injunction, however, was issued by the clerk upon the filing of this bond. And the suit proceeded to final hearing, when the court passed the following decree:

" This cause came on for trial on the 29th day of May, 1844, and was argued by counsel; wherefore, in consideration of the law and the evidence, and the rules and principles of equity being in favor of the respondent, Mary Heath, it is ordered, adjudged, and decreed, that the complainant be dismissed with costs. And it is further ordered, adjudged, and decreed, that the injunction granted in this case be dissolved, and the respondent be allowed to proceed with the writ of seizure and sale granted, in accordance with the prayer of her original petition."

The complainants appealed to this court, and, after argument by counsel, the decree of the Circuit Court was affirmed, with costs. And, thereupon, the present defendant in error brought

the suit which is now before us, upon the injunction-bond hereinbefore stated, to recover certain damages stated in her petition, for which she alleges the obligors in that bond are liable. The suit is by petition, in the usual form of Louisiana practice, and the judgment of the Circuit Court being in favor of the plaintiff in that suit, the plaintiffs in error, who were defendants in the court below, have brought the case before this court.

It appears, from the exceptions, and the judgment in the case, that the Circuit Court regarded this bond as the same in principle with the bond required by the laws of Louisiana, where an injunction is obtained to stay execution upon an order for the seizure and sale of mortgaged property; and therefore considered this bond as creating the same obligations and giving the same rights to parties as if it had been given under the laws of the State. And by these laws, when the party obtains an injunction, and fails to support it at the trial, judgment is given against him and his sureties for the debt, interest, and damages, at the time the injunction is dissolved, and it forms part of the same judgment. 8 Rob. 20. The sureties in the bond are treated as parties to the suit; and the amount of interest and damages which the court may award by their judgment is regulated by the laws of the State. It is with reference to this mode of proceeding that the injunction-bond in question appears to have been framed; and it is to this judgment, as prescribed by the laws of the State, that the condition must refer, when it binds the obligors to pay all such damages the obligee might recover against them, in case it should be decided that the injunction was wrongfully obtained. There must be a recovery, that is, a judgment against them, before the condition is broken, and before any proceeding could be had upon the bond.

Now, there is manifest error in subjecting the parties to an injunction-bond, given in a proceeding in equity in a court of the United States, to the laws of the State. The proceeding in a circuit court of the United States in equity is regulated by the laws of Congress, and the rules of this court made under the authority of an act of Congress. And the 90th rule declares that, when not otherwise directed, the practice of the High Court of Chancery in England, shall be followed. The 8th rule authorizes the Circuit Court, both judges concurring, to modify the process and practice in their respective districts. But this applies only to forms of proceeding and mode of practice, and certainly would not authorize the adoption of the Louisiana law, defining the rights and obligations of parties to an injunction-bond. Nor do we suppose any such rule has been adopted by the court. And if it has, it is unauthorized by law, and cannot regulate the rights or obligations of the parties.

And when an injunction is applied for in the Circuit Court of the United States sitting in Louisiana, the court grant it or not, according to the established principles of equity, and not according to the laws and practice of the State in which there is no conrt of chancery, as contradistinguished from a court of common law. And they require a bond, or not, from the complainant, with sureties, before the injunction issues, as the court, in the exercise of a sound discretion, may deem it proper for the purposes of justice. And if, in the judgment of the court, the principles of equity require that a bond should be given, it prescribes the penalty and the condition also. And the condition prescribed by the court in this case, but which was not followed, is the one usually directed by the court.

In proceeding upon such a bond, the court would have no authority to apply to it the legislative provisions of the State. The obligors would be answerable for any damage or cost which the adverse party sustained, by reason of the injunction, from the time it was issued until it was dissolved, but to nothing more. They would certainly not be liable for any aggravated interest on the debt, nor for the debt itself, unless it was lost by the delay, nor for the fees paid to the counsel for conducting the suit.

But the bond, in the case before us, is not one to pay the damages which the opposing party should sustain by reason of the injunction, but it is to pay the damages that might be recovered against them; obviously referring, we think, to the practice in Louisiana above mentioned. A court proceeding, according to the rules of equity, cannot give a judgment against the obligors in an injunction-bond when it dissolves the injunction. It merely orders the dissolution, leaving the obligee to proceed at law against the sureties, if he sustains damage from the delay occasioned by the injunction. This was done by the Circuit Court in the former suit between the parties. No judgment was or could be given against the obligors for debt or damages, and none were recovered against them previously to the institution of this suit. The contingency on which they agreed to pay, has not, therefore, happened, and the condition of the bond is not broken, and consequently no action can be maintained upon it. It would be against the well-established rule of the chancery court to extend the liability of the surety, by any equitable construction, beyond the terms of his contract. And, in a proceeding upon the bond, the liability of the principal obligor cannot be extended beyond that of the surety.

In this view of the case, it is unnecessary to examine the questions which have been raised as to the Lousiana laws in

relation to injunction-bonds. The judgment of the Circuit Court must be reversed, and a *venire de novo* awarded.

## *Order.*

This cause came on to be heard on the transcript of the record, from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs; and that this cause be, and the same is hereby, remanded to the said Circuit Court for further proceedings to be had therein, in conformity to the opinion of this court.