THE PROPRIETORS OF UNION WHARF *versus* JOHN MUSSEY.

A bond given to obtain an injunction *ex parte,* under the provisions of § 11, c. 96, of the R. S. of 1841, conditioned to pay "all such damages and costs, (if any,) as shall be sustained and *awarded*" against the applicant, in consequence of the injunction, is valid and may be enforced.

The words in such bond "and awarded against said M.," being in addition to the requirements of the statute, may be rejected as surplusage.

ON EXCEPTIONS to the rulings of DAVIS, J.

DEBT upon a bond, given to procure an injunction under the provisions of § 11, c. 96 of the R. S. of 1841. The bond was conditioned to pay "all such damages and costs, (if any,) as shall be sustained and *awarded against said Mussey,* in consequence of said injunction." It appeared in evidence, that the equity suit, in which the injunction was obtained, was decided adversely to the defendant, and that judgment was rendered against him for costs, which he had paid before the commencement of this suit; and that, in the equity suit, no damages were awarded against him.

After the evidence on the part of the plaintiffs was out, the presiding Judge ordered a nonsuit, on the ground that the action could not be maintained, in consequence of there having been no award of damages in the equity suit.

*E. & F. Fox,* for plaintiffs.

The bond was given by the defendant, by order of Court, and in compliance with the statute, to obtain an *ex parte* injunction, asked for by him. It was his duty to furnish the bond according to the statute. If the party, by the use of words not in the statute, have furnished such a bond as, taking all it contains, is a nullity, the Court will reject the superadded words as surplusage, or as the result of a mistake, or a fraud upon the Court. *Merryfield* v. *Jones,* 2 Curtis' C. C. R., 306; 18 Illinois, 309; 6 California, 399; 3 Foster, (N. H.) 198; 20 Conn., 486; *Mason* v. *Fuller,* 12 Louis. An. R., 68; 36 Maine, 28; Comyn's Dig., Condition, G., 12; 26 Maine, 531; 16 Conn., 192; 4 Ohio, N. S., 502.

*Rand,* for defendant.

By terms of condition of bond, defendant bound himself to pay to plaintiffs " all such damages and costs, (if any,) as shall be sustained by said proprietors, *and awarded against said Mussey,* in consequence of said injunction."

The only question raised, and the only issue presented by the pleadings is, whether the defendant has paid all damages and costs sustained *and awarded against him.*

To make out a case, plaintiffs must prove, not only that they have sustained damage, but that those damages have been ascertained, fixed, *awarded,* in some manner or by some tribunal.

After the damages have been so ascertained or awarded, if not paid, an action may be brought upon the bond; but, until then, until there has been an *award* in some way, or by some tribunal, there cannot be any breach of condition of bond.

Plaintiffs, not proving any award of damages, were properly nonsuited.

The surety upon such a bond cannot be compelled to defend a suit to ascertain the amount of damage sustained. See *Bein* v. *Heath,* 12 Howard, 176; 1 U. S. Dig., (1847,) 110, (185,); 18 U. S. Dig., (1858,) 426, (131–2.)

The opinion of the Court was drawn up by

APPLETON, J.— By R. S., 1841, c. 96, § 11, it was enacted that any Justice of this Court might issue writs of injunction " in all cases of equity jurisdiction, when necessary to prevent injustice," provided, " the applicant shall file a bond with sufficient sureties *to respond to all damages and costs.*"

The bond, in case of an *ex parte* injunction, is given in the absence of the party to be enjoined, and it is the duty of the applicant to furnish the bond prescribed by the statute, and the Court may, upon such compliance, grant the prayer of the bill. The bond, in the case before us, was conditioned that, " if the said Mussey shall pay or cause to be paid to said proprietors, all such damage and costs, (if any,) as shall be

sustained *and awarded against said Mussey in consequence of said injunction,* then this obligation to be void."

There is no provision in the statute, by virtue of which, when the injunction is dissolved, damages can be awarded the party enjoined, against the applicant for the injunction. The clause in the condition of the bond, by which the obligor therein was to pay, or cause to be paid, "the damages and costs, (if any,) sustained *and awarded,*" exceeds the requirements of the statute. It is urged that the bond, by reason of this excess, ceases to be a statutory bond; that it is immaterial what damages may have been sustained, if none have been awarded; and that, as none were or could have been awarded in the original equity process, the plaintiffs in this action are remediless. The defendant having paid the costs, as no damages have been awarded against him, claims that he has performed the conditions of his bond.

The bond in suit was intended as and for a statutory bond. The condition to pay costs and damages is in conformity with the statute. The question to be determined is, whether the defendant, who, by giving the bond obtained the injunction, has avoided the obligation of the condition to pay damages and costs sustained, by inserting the words, "*and awarded,*" &c.—or, whether the superadded words are to be rejected as a mere nullity, and the bond is to be construed as if these words were not contained therein.

The law upon this question, it is believed, will, upon examination, be found to be well settled by an almost entire concurrence of authorities.

In *Dixon* v. *U. S.,* 1 Brock., 178, it was held, by MARSHALL, C. J., that a statutory bond which contains more than the statute requires, will not be vitiated by the surplus matter, but the Court will reject the surplusage as a mere nullity, and construe the bond as if such surplus matter were not contained in it. The same principle was reaffirmed by that distinguished jurist in *U. S.* v. ———, 1 Brock, 195.

In *Hazard* v. *Layton,* 4 Harrington, 512, BOOTH, C. J., says, "we cannot accede to the proposition to the extent urged by

the counsel for the defendants, that, in all cases where the statute requires a bond to be taken, if one part of the condition conforms to the terms of the statute and another part does not, or if any part required by statute is omitted, the whole of the bond and condition is void. But if a part of ' the condition is for the performance of things required by the statute, and another clause or part is for the performance of a matter contrary to the statute, the illegal part does not vitiate that which is legal, but may be rejected as surplusage, unless the statute expressly enacts that the bond shall be void, if the condition does not conform to the statute, or contains matter contrary to it."

In *Polk* v. *Plum,* 2 Humph., 500, REESE, J., says, " The question, therefore, in general; and also as to bonds merely statutory, seems, upon authorities, well settled, and that super-added and distinct conditions not imposed by the statute may be rejected as illegal, and the conditions required by the statute be enforced as valid."

In *Speck* v. *Com.,* 3 W. & S., 324, it was held that, if an Act of Assembly prescribe the form of the condition of a bond, and specify the nature of the acts and duties which the officer shall be bound to perform, it may be considered directory, and, notwithstanding it may designate acts and things to be done beyond those specified in the Act, it is good against the sureties, unless the Act prescribe the form of the bond and provides that it shall be taken in that form and in no other. " The leading principle on this subject which runs through all the cases," remarks BURNSIDE, J., in *Shunck* v. *Miller,* 5 Barr., 250, " is that, when a statute only directs the condition of a bond, and does not avoid it should it not conform to the directions, and something more than the condition is added to it, the bond may be allowed to cover the authorized part of the condition. Gilpin's R., 179. But it is otherwise when a statute authorizes a bond to be taken in a particular manner and for a particular purpose, and declares, if it be not so taken, that the bond shall be void. Then the bond must follow the words prescribed, and it is not good for any purpose, how-

ever lawful in itself, if it be not conformable to the statute."
" When a statute," remarks HOPKINSON, J., in *U. S.* v. *Brown,*
Gilp., 179, " authorizes a bond to be taken in a prescribed
manner, or for certain expressed purposes, and declares that,
if not so taken, then the bond shall be void, then it may not
stand good for any purpose, however lawful in itself, if it be
not conformable to the statute, but, when the statute only di-
rects the condition of the bond and does not avoid it, if it
does not conform to the directions and something more than
that condition is added to it, the bondsmen are allowed to
cover the authorized part of the condition, and so much may
be recovered under it and no more." " My opinion on the
point is," says WASHINGTON, J., in *U. S.* v. *Howell,* 4 Wash.,
20, " that, when the statute requisitions are of a bond, to
prosecute substantially, the terms of it must conform to the
requisitions of the statute, and, if it go beyond, it is so far
void, at least, as it exceeds these requisitions."

There being no mode in which damages could have been
judicially *awarded,* no breach could be assigned of that part
of the condition. In the case of a probate bond, it was said
by WILDE, J., in *Hall* v. *Cushing,* 9 Pick., 395, " that in an
action on such a bond the plaintiff cannot be entitled to judg-
ment, unless the bond is conformable to the statute in all its
material parts, and if more be added than the law requires,
although it will not vitiate the whole bond, unless the matter
be illegal, yet no breach can be assigned in any part of the
condition not included within the requisitions of the statute."

In *Kavanaugh* v. *Saunders,* 8 Greenl., 422, the bond in
suit was given for the purpose of liberating a debtor com-
mitted to prison on mesne process. The condition was, that
Saunders, (the debtor,) will not depart without the exterior
bounds of the jail yard, until lawfully discharged, *and will
surrender himself to the jail keeper, and go into close confine-
ment as is required by law.* It was there urged, that, as the
words in Italic, in cases of commitment on mesne process, are
to be omitted, that the whole instrument was void. But it

was held, that the last condition, not being required by the statute, did not vitiate the bond; and that, being insensible and uncertain, it might be rejected without affecting the residue as a statute bond. If the condition of an obligation was insensible at the making, the obligation is single. Com. Dig. Obligation, E. " If the condition is in the conjunctive, and one branch is sensible, certain and possible, and the other not, it is a good condition for performing the former, and the latter is to be wholly disregarded. Cro. Eliz., 780."

Applying the principles of the law to the bond in suit, the words "and awarded," &c., may be rejected as surplusage, and the residue is good as a statute bond. So, as there was no legal mode of assessing damages in the equity suit, the clause may be regarded as insensible and impossible, and the condition be regarded as good as to that branch of it, which is sensible, certain and possible.

Indeed, it would seem that, from the literal language of the bond, the action may be sustained. It is to pay the damages and costs, (if any,) sustained and awarded in consequence of the injunction. The language does not indicate in what suit they are to be awarded. They are to be awarded if sustained. Such was the manifest intention of the bond. As they could not be awarded in the equity suit, and as they were to be awarded, it must be done by the Court having jurisdiction. They can only be awarded legally here. If damages have been sustained, and if they should be awarded in this action, they will have been sustained and awarded in consequence of the injunction, which is in strict conformity with the terms of the condition. Such was the decision in *Roberts* v. *Dust*, 4 Ohio, N. S., 502, where the defendant obtained an injunction and gave a bond conditioned " to pay all money and costs due, and to become due from all moneys and costs which should be *decreed* against him, in case said injunction should be dissolved, and it was held in a suit on the bond for damages sustained by plaintiff, in the stoppage of his mills, that such a loss was included in the bond, al-

though the decree of the Court dissolving the injunction was for the costs of suit only."

The case of *Bein & al.* v. *Heath,* 12 How., 168, seems principally relied upon in the defence, but, upon examination, it will be found materially differing from the one at bar. It seems that, by the statutes of Louisiana, an injunction may be obtained to stay execution upon an order for the sale and seizure of mortgaged property, and that the sureties are treated as parties to the suit, and, if the party obtaining an injunction fails to support it, judgment is given by the Court before which it was pending, against the sureties for debt, interest and damages. The proceedings in the Circuit Court of the United States are, by its rules, declared to be in conformity with the practice of the High Court of Chancery in England. A Court, proceeding according to the rules of equity, cannot give a judgment against the obligors in an injunction bond when it dissolves the injunction. When the injunction in that case was granted, the Court ordered the injunction to issue as prayed for, upon the complainant's giving a bond with sureties to answer all damages which the defendant might sustain in consequence of the injunction, should the same be thereafter dissolved. The bond given was not in accordance with the order of Court, but with the form used in the State Courts of Louisiana, in cases where the law requires an injunction bond to stay execution on a judgment on order of seizure and sale, and conditioned to pay "the said Mary Heath, the defendant, in said injunction, and plaintiff in case of seizure and sale, all such damages as she may *recover* against us, in case it should be decided that the said injunction was wrongfully obtained." The bond given was not in conformity with the practice of the Court, nor with the special order given in that case. The bond, in fact given, was held to be one under the statutes and practice of Louisiana, and, being such, the sureties must be deemed to have entered into such a bond, and, as no judgment was or could have been entered by the practice of the Circuit Court, it was decided that the

condition of the bond was not broken, and that no action could be maintained upon it.

So far as the case of *Bein & al.* v. *Heath,* is in favor of the position taken by the counsel for the defendant, it is adverse to the whole current of authorities, and cannot be regarded as sound law.                        *Exceptions sustained.*

TENNEY, C. J., CUTTING, GOODENOW, DAVIS and KENT, JJ., concurred.