## DEAKIN *v.* STANTON, impleaded, etc.

### (*Circuit Court, N. D. Illinois.*   November, 1879.)

1. SURETY—INJUNCTION BOND.—A surety upon an injunction bond in a trade-mark case, conditioned for the payment of all damages and costs to be awarded against the complainant and in favor of the defendant, upon the trial or final hearing of the matter referred to in the bill of complaint, is not liable for damages sustained in consequence of the issuing of the injunction, unless the same were awarded at the time of the trial of the cause.

> *Bein* v. *Heath,* 12 How. 168, followed.

Demurrer to Declaration.

*George C. Christian* and *Charles E. Pope,* for plaintiff.

*Henry T. Rogers,* for defendant.

BLODGETT, D. J.   These are two separate cases, upon bonds given by the defendants, Lea & Perrin and Stanton, to the complainant, upon the issue of an injunction in a cause in which Lea & Perrin were complainants, and Deakin was defendant, asking that Deakin be enjoined from violating the alleged trade-mark of the complainant on Worcestershire sauce.   The cause in which the injunction was issued was brought to hearing and dismissed for want of equity; and the defendant in that suit now brings suit on this bond to recover damages which he sustained by reason of the issuing of the injunction.   The first bond was given in the penal sum of $5,000, and is conditioned for the payment of all damages and costs to be awarded against the complainant and in favor of the defendant upon the trial or final hearing of the matter referred to in the bill of complaint.

The second suit is brought upon an additional bond, which was given in the same trade-mark case, upon the suggestion

of the defendant that the security given by the first bond was not adequate to cover his probable damages in the case. The condition of the bond is substantially the same as the first. The allegations are that, in defending this suit, the complainant was put to a large expense for solicitors' and attorneys' fees, which the obligors have not paid; also, that he sustained a large amount of damage by the breaking up of his business, and that he is entitled to recover the amount of damages sustained in consequence of the issuing of the injunction. These are substantially the breaches that are assigned to this bond.

The defendant demurs on the ground that no damages were awarded at the time of the trial of the cause, and therefore the defendant, who, it appears, signed the bond solely as surety, is not liable. It is easy to see why the bond was drawn in the manner in which it is. The practice of the state courts in this state since 1861 has been to award such damages, upon the trial or dissolution of an injunction, as the defendant may have sustained by reason of the issue of the injunction; and probably the counsel used the state court form in preparing the bond, and it was not examined by the court; and probably the only question raised by counsel was as to the sufficiency of the surety. The demurrer, therefore, goes to the question as to whether the surety in these two cases is liable upon the facts stated in the declaration, it being perhaps conceded that there were no damages awarded by the court to the defendant at the time of the dissolution of the injunction, or the final hearing of the case. It is not averred any damages were awarded, and it was said on the argument of this demurrer that none were, and that the practice of this court did not allow the awarding of damages under such circumstances.

An examination of the authorities which have been cited *has satisfied me that this action cannot be maintained* against the surety upon this bond. I do not care to cite more than the case of *Bein* v. *Heath*, 12 How. 168, which was a case precisely similar to this. The court there says: "But the bond in the case before us is not one to pay the damages

which the opposing party should sustain by reason of the injunction, but it is to pay the damages that might be recovered against them; obviously referring, we think, to the practice in Louisiana above mentioned. A court, proceeding according to the rules of equity, cannot give a judgment against the obligors in an injunction bond when it dissolves the injunction. It merely orders the dissolution, leaving the obligee to proceed at law against the sureties, if he sustains damage from the delay occasioned by the injunction. This was done by the circuit court in the former suit between the parties. No judgment was or could be given against the obligors for debt or damages, and none were recovered against them previously to the institution of this suit. The contingency on which they agreed to pay has not, therefore, happened, and the condition of the bond is not broken, and consequently no action can be maintained upon it. It would be against the well-established rule of the chancery court to extend the liability of the surety by any equitable construction beyond the terms of his contract; and in a proceeding upon a bond the liability of the principal obligor cannot be extended beyond that of the surety." Id. 179.

One of the conditions of both of these bonds is that the obligor was to pay the defendant in the chancery case all costs and damages which shall be awarded. The court will, of course, take notice of its own records, and the averments in the declaration are sufficient to show that the case was so disposed of that an award for costs was made against the complainant in the original bill. If these costs have not been paid, I have no doubt the plaintiff should have leave to amend, by alleging a breach or failure to pay the costs, in which event the plaintiff will have the right to recover on this bond the amount of costs which were awarded. If there is no claim for costs, *of course there will be no necessity for amending.* We have been considerably embarrassed about this case, and in some doubt as to whether the supreme court would strictly follow the case which has been cited, and which we consider, at present, as controlling; and, in order to give the plaintiff the benefit of a writ of error, if he wishes to take the case

further, we will order a consolidation of the two causes, which I think should have been brought together, as they are against the same parties, and the second bond is only additional security for the damage growing out of the same suit. The order consolidating the two cases, I think, should be made first, and then the demurrer sustained to the declaration. Therefore, if the plaintiff wishes to amend, or thinks he can amend so as to make a better declaration on the facts of the case, we should feel disposed to allow it. I will say, frankly, we would like, if we could, to so construe the obligations of the bond as to effect the purposes for which it was given, but the authorities which are cited seem to be controlling, and I do not see how we can do otherwise than to sustain the demurrer.

An order will be made that the causes be consolidated preceding the disposition of the demurrer, so that error can be assigned upon that question.

### DECISION ON DEMURRER TO AMENDED DECLARATION.

(July 13, 1880.)

BLODGETT, D. J. This case is before me on demurrer to an amended declaration, and it is not necessary that I should rehearse to counsel the points that have been raised in the case. It is enough to say that I do not see that, in the amended declaration, any such change has been made as will alter the finding of the court heretofore on demurrer to the original declaration. I still adhere to the conviction that I must be governed by the case of *Bein* v. *Heath*, 12 How. 168.

It is true, there is a wide conflict of authority between the state courts upon the questions raised on this demurrer. I find that in many of the state courts the rule is held that a suit at law can be maintained upon a bond of this kind, notwithstanding no assessment of damages had been made by the court—no award of damages—while in other states, as in Kentucky and Maryland, the contrary has been decided. The authorities of Illinois are, perhaps, with the plaintiff in this case; but the better authorities, and the authorities of sev-

eral other states where they have very able courts, are the other way, and I shall therefore sustain the demurrer to the declaration, knowing, as I do, that the case is of sufficient importance to go to the supreme court.