## Browning and others v. Porter and others.

(*Circuit Court, E. D. Missouri.*  January, 1881.)

1. Injunction Bond—What not Covered by.

An injunction bond conditioned to "abide the decision which shall be made thereon, [the original suit,] and pay all sums of money, damages, and costs that shall be adjudged against them if said injunction shall be dissolved," does not cover the amount of the original judgment and its costs, nor the attorney's fees.

2. Dissolution of Injunction—Remedy on the Bond.

Whether a court of chancery in dissolving an injunction will itself proceed to assess damages resulting therefrom, or drive the defendant to an action at law on the bond, not decided.

In Equity.

*John H. Overall*, for the motion.

*Edward McCabe, contra.*

Treat, D. J.   A suit in equity was instituted by plaintiffs, and on their motion a provisional injunction issued to restrain proceedings at law on a judgment in a state court.

An injunction bond was given as required, with sureties conditioned to "abide the decision which shall be made thereon, [the original suit,] and pay all sums of money, damages, and costs that shall be adjudged against them, if said injunction shall be dissolved." Said injunction was dissolved and the bill dismissed.

A motion is now made for the assessment of damages, to-wit: the amount of the judgment in the state court, $619; costs in state court, $25; attorney's fee in injunction suit, $200.

It is clear that the bond did not cover the amount of the original judgment and its costs, nor the attorney's fee. *Bein* v. *Heath*, 12 How. 176; *Oelrichs* v. *Spain*, 15 Wall. 230.   To the same effect are the Missouri cases cited.

Another question was suggested in the light of the authorities produced, viz.: whether a court of chancery, in dissolving an injunction, would itself proceed to assess damages resulting therefrom, or drive the defendant to an action at law on the injunction bond.

The motion before the court does not call for a decision on that point, although nothing is seen in the cases cited to deprive the chancery court of its power to finally determine the controversies between the parties before it.

The case of *Bein* v. *Heath* was an action on an injunction bond, and the *dicta* in the opinion are very strong.   In that case the court

says: ' A court proceeding according to the rules of equity cannot give a judgment against the obligors in an injunction bond when it dissolves the injunction."

Is that *dictum* to be received as a general rule, or limited to cases like that then under consideration? It sometimes happens that injunction bonds are conditioned to pay *damages* which the court may assess, and hence, unless the court assesses damages, no cause of action arises on the bond. It may be that the provisional injunction is dissolved on motion, before final hearing and decree on the merits, and that on final hearing the decree *is* for plaintiff, or for defendant, thus varying the matter of costs and damages. That final decree would be operative in a suit on the injunction bond, so far as its tenor required; and such a decree would, in many cases, be necessary to hold the parties to the bond.

It is obvious that the several cases on such bonds must defend on the conditions stated; some requiring the antecedent action of the chancery court, and some requiring no such action.

It is well settled that proceedings of United States courts in equity are not affected by local statutes; and it is supposed to be equally well settled that chancery courts, having obtained jurisdiction of the parties and the controversy, will retain jurisdiction for the final settlement of the whole subject-matter, so as to avoid multiplicity of suits, including all incidents of the litigation.

Whatever the true rule may be in that respect, the motion in this case asks for what could not be allowed, either at law or equity.

Motion overruled.