GAINES *v.* CITY OF NEW ORLEANS.[1]

(*Circuit Court, E. D. Louisiana.* March, 1886.)

1. EQUITY—PRACTICE—HOW REGULATED.
   The equity practice in the courts of the United States is regulated by the laws of congress, and the rules of the supreme court of the United States made under the authority of an act of congress.
2. SAME—DEPOSIT OF FUND IN REGISTRY.
   The equity practice in the United States courts requires the court, that all parties who can by possibility have an interest in the fund, except a fraction of the defendant, unite in the application, to order the deposit of a fund garnished in the registry of the court, notwithstanding that the stakeholder, who is the agent of defendant, also resists.

On Motion for an Order Requiring Funds to be Deposited in the Registry of the Court.

*Henry C. Miller,* for Louisiana National Bank, garnishee.
*Thomas J. Semmes* and *Alfred Goldthwaite,* for plaintiff.
*F. T. Nichols* and *Chas. Carroll,* for Gas-light Company.
*Walter H. Rogers,* City Atty., for defendant.

BILLINGS, J. The question submitted is whether the sum of $40,-000, on deposit with the Louisiana National Bank, shall be deposited in the registry of the court. The bank has been garnished; has no interest in the money; holds the same as the fiscal agent of the defendant. The money is claimed by the plaintiff under her writ of execution, by the gas-light company under an ordinance of the city of New Orleans, and by the board of liquidation. The plaintiff and the gas-light company unite in the motion for an order requiring the deposit.

The execution under which the money was seized issued in an equity cause. Under the practice in the courts of the state of Louis-

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

iana such an order would not be made; under the practice of the courts of chancery such an order would be made. 3 Daniell, Ch. Pr. 1819 *et seq.;* Jeremy, Eq. Jur. 254. It is not necessary to show that the fund is in danger, but merely that the plaintiff is solely entitled, or has such an interest jointly with others as to justify him on behalf of himself and them to have the fund secured. In all equity causes the chancery rules are followed to the exclusion of state practice. In *Bein* v. *Heath*, 12 How. 178, TANEY, C. J., says: "The proceeding in a circuit court of the United States is regulated by the laws of congress, and the rules of this court made under the authority of an act of congress." This case holds that even by a rule of the circuit court the equity practice cannot be departed from. The conclusion, therefore, is that the equity practice is to govern, and that that practice requires the court, that all parties who can by possibility have an interest in the fund, except a fraction of the defendfendant, unite in the application, the court ought not to refuse to order the deposit because the stakeholder, who is the agent of the defendant, also resists.

The order will therefore be entered.