WIRT et al. v. PECK.

(Circuit Court of Appeals, Eighth Circuit. December 27, 1910.)

No. 3,110.

INJUNCTION (§ 244*)—ACTION AGAINST SURETY ON BOND—CONDITION PRECEDENT—AWARD OF DAMAGES AGAINST PRINCIPAL—COLORADO STATUTE.

Under the law of Colorado, where an injunction bond is conditioned, as provided by Code Civ. Proc. Colo. § 147, "to pay all such costs and damages as shall be awarded against the complainant or complainants in case the injunction shall be modified or dissolved, in whole or in part," no action can be maintained against the surety thereon prior to an award or assessment of damages against the principal, unless they are joined as defendants as permitted by section 161 of such Code.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 560–563; Dec. Dig. § 244.*]

In Error to the Circuit Court of the United States for the District of Colorado.

Action at law by W. O. Wirt and J. M. Roseberry against Frank G. Peck. Judgment for defendant, and plaintiffs bring error. Reversed, with directions to modify.

L. J. Stark, for plaintiffs in error.
W. J. Chinn, for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. Wirt and Roseberry brought suit in the court below against Peck to recover damages on three injunction bonds. When the case was called for trial, counsel for the defendant moved the court for judgment upon the pleadings in favor of defend-

ant. The motion was granted, and from the judgment so entered plaintiffs sued out this writ of error. The ground of the motion for judgment, briefly stated, was that the complaint did not state facts sufficient to constitute a cause of action.

We learn from the briefs of counsel that the particular defect in the complaint was that it appeared therefrom that Peck was being sued as surety on the injunction bond without an award of damages having been first had against the principal. The complaint contained three causes of action, and each count was based upon three separate injunction bonds similar in form. ·A statement of the allegations contained in the first count will be sufficient for the purpose of deciding the question raised. They are substantially as follows:

In 1895, one Farris instituted an action in the district court of El Paso county, Colo., against W. O. Wirt and J. M. Roseberry, for the purpose of compelling the defendants therein to transfer to him certain stock of the Ben Hur Mining & Milling Company, then owned by Wirt and Roseberry, and in his complaint prayed that each of said defendants be restrained from selling, transferring, or otherwise disposing of any of said stock during the pendency of said action. At the commencement of said action, on motion of Farris, the court entered an order directing that a temporary writ of injunction against each of said defendants be issued as prayed for, provided that Farris should execute an undertaking with sufficient surety in the sum of $2,500 "conditioned for the payment of all costs and damages that should be awarded against plaintiff therein in case said temporary injunction should be modified or dissolved in whole or in part." Pursuant to said order, Farris, as principal, and Peck and one Kinney, as sureties, signed, executed, and filed in said action the following injunction bond:

State of Colorado, County of El Paso—ss.:

In the District Court of the County of El Paso, State of Colorado.

S. N. Farris, Plaintiff, v. W. O. Wirt and J. M. Roseberry, Defendants.

Undertaking on Injunction.

Whereas, the above-named plaintiff has commenced or is about to commence an action, in the district court of El Paso county, and state of Colorado, against the above-named defendants, and is about to apply for an injunction in said action against said defendants, enjoining and restraining them from the commission of certain acts, as in the complaint filed in the said action is more particularly set forth and described:

Now, therefore, we, the undersigned, residents of the county of El Paso, state of Colorado, in consideration of the premises and of the issuing of the said injunction, do jointly and severally undertake in the sum of twenty-five hundred dollars ($2,500) and promise to the effect that, in case said injunction shall issue, the said plaintiff will pay to the defendants all costs and damages as shall be awarded against the complainant in case said injunction shall be modified or dissolved in whole or in part.

Dated this 14th day of November, A. D. 1895.                S. N. Farris.
                                                            M. Kinney.
                                                            F. G. Peck.

Thereupon a writ of injunction as prayed was issued and served. December 3, 1906, final judgment was entered in said action in favor of the defendants therein and said writ of injunction was thereby dis-

solved. To procure a dissolution of said injunction, Wirt and Roseberry expended $500 as court costs, stenographer bills, and printing bills, and the sum of $1,500 for attorney's fees. Farris died March 21, 1901, at Los Angeles, Cal., intestate and insolvent. April 18, 1901, the probate court of El Paso county, Colo., appointed one McDonald as administrator of the estate of Farris for the sole purpose of carrying on said injunction action. May 1, 1907, said probate court discharged McDonald as administrator. The judgment in the action of Farris v. Wirt and Roseberry provided for the recovery of costs by the defendants from the plaintiff. · In his complaint Farris demanded judgment for the sum of $14,500 upon his three causes of action; the injunction bonds mentioned having all been executed in the same case from time to time as the exigencies of the case seemed to demand.

It appears from these allegations that the court ordered and the defendant signed an undertaking conditioned "for the payment of all costs and damages that should be awarded against the complainant in case the injunction should be modified or dissolved in whole or in part." The court in making its order undoubtedly followed the requirement of section 147 of the Code of Civil Procedure of the state of Colorado. This section reads as follows:

"In case of granting a writ of injunction other than those to stay a suit or judgment, the court or judge granting the writ, shall make an order fixing the amount of the undertaking, which shall be in a reasonable sum; and no injunction shall be issued until the complainant or complainants, or some one for him, her or them, shall have previously executed such undertaking with sufficient surety, payable to the defendant or defendants, approved by the court or judge granting the writ, or the clerk of the court out of which the writ is to issue when the order so directs, and filed with the clerk; which undertaking shall be conditioned to pay all such costs and damages as shall be awarded against the complainant or complainants in case the injunction shall be modified or dissolved, in whole or in part."

It is possible that the court might have required an undertaking in accordance with section 156, Mills' Ann. Code. But it did not do so, and that section need not be considered. The surety, Peck, made his contract according to the terms of the bond or undertaking and he may not be held to have made any other. Bein, etc., v. Heath, 12 How. 168, 13 L. Ed. 939. Peck promised to pay all such costs and damages as should be awarded against Farris. An award of costs and damages means such costs and damages as shall have been established by some competent tribunal proceeding by due process of law against Farris. No such award appears ever to have been made. Counsel for plaintiff in error refers us to section 161, Colorado Code of Civil Procedure, ·which follows section 147 above quoted. The last-named section reads as follows:

"That in suing on any undertaking provided for in this act, it shall not be necessary to bring suit in the first instance against the principal on such undertaking to ascertain the amount of damages sustained or awarded by the court but the principal and surety may be sued together and at the trial damages may be assessed and awarded against principal and surety in the action."

The purpose, however, of the section last quoted was to render it unnecessary to bring two actions on an undertaking executed under

the provisions of said section 147, namely, one against the principal to have the damages and costs awarded and one against the surety to recover the award. In the case at bar, the principal has not been joined with the surety, nor has there been any award against Farris. It is urged, however, by counsel for plaintiff in error, that section 13 of Mills' Ann. Code permits the defendant Peck to be sued alone. The section referred to is as follows:

"Persons jointly or severally liable upon the same obligation or instrument including the parties to bills of exchange and promissory notes and sureties on the same or separate instruments may all or any of them be included in the same action at the option of the plaintiff."

This section, however, cannot aid plaintiffs in error, as they exercised the option of suing Peck alone; but they are not permitted to recover, because there has been no award of damages against Farris which was the condition upon which Peck's promise rested. As a general proposition there is a conflict of authority upon the proposition as to whether the surety may be sued alone on an injunction bond conditioned as the one herein mentioned prior to an award or assessment of damages against the principal. We are satisfied, however, that the law of Colorado is that, where an injunction bond is conditioned as provided in section 147 of the Code of Civil Procedure, no action can be maintained against the surety thereon prior to an award or assessment of damages against the principal, unless they are joined as defendants as provided in section 161 above quoted. We must hold that the Legislature of Colorado so understood the law; otherwise the enactment of section 161 was unnecessary. Ducket et al. v. Price, 7 Colo. 84, 1 Pac. 228, Smith v. Atkinson, 18 Colo. 255, 32 Pac. 425, Lynch v. Metcalf, 3 Colo. App. 131, 32 Pac. 183, and Wason v. Frank, 7 Colo. App. 541, 44 Pac. 378, impliedly so hold, and Thomas v. Wason, 8 Colo. App. 452, 46 Pac. 1079, expressly so holds.

It is further urged by counsel for plaintiffs in error that, even if the law is as herein stated, still it ought to be held by this court that this action is maintainable, because it is impossible to sue the personal representative of Farris, or to join him with Peck as a defendant in an action brought against them both, and that the law never requires the performance of impossible acts. In support of this contention it is alleged, as hereinbefore stated, that Farris died March 2, 1901, in California, intestate and insolvent; that McDonald, the administrator appointed in Colorado, was discharged May 1, 1907; that the judgment dismissing the case brought by Farris was entered December 3, 1906. Admitting these facts to be true, which we must do in considering the motion for judgment, it still appears that no letters of administration were ever applied for in California, and that McDonald, the Colorado administrator, was not discharged until after five months had elapsed subsequent to the time when the cause of action arose on the injunction bond. It is true that the law sometimes excuses the non-performance of certain acts on the ground of the futility or impossibility of their performance; but we are now dealing with a written contract which prescribed a condition upon the happening of which Peck's liability would arise, and we see no way of holding him to the

performance of his contract, unless the condition upon which his liability is based is performed, or unless some way may be found to join the personal representative of Farris with Peck as a defendant.

The judgment of the trial court was against the plaintiffs on the merits; whereas the action should have been dismissed without prejudice. The judgment is therefore reversed, and the cause remanded, with direction to dismiss the action without prejudice.