## Case No. 3,696.

### DEAKIN v. LEA et al.

[11 Biss. 34;[1]  14 Chi. Leg. News. 297.]

Circuit Court, N. D. Illinois.   April 8, 1882.

JURISDICTION OVER PERSON—APPEARING TO PETITION FOR REMOVAL IS GENERAL APPEARANCE—INJUNCTION BONDS—AWARDING DAMAGES—SUIT ON BOND—FEDERAL PRACTICE.

1. If defendants who are not served with process in a suit in a state court enter their appearance by counsel solely for the purpose of joining in a petition for removal to the federal court, "and for no other purpose whatsoever," as expressed, and the cause is removed to the federal court, such appearance so entered will it seems give the court jurisdiction over such defendants for all purposes the same as though process had been personally served upon them.

2. Where upon a general order for an injunction bond in the federal court a bond was given in conformity to the state statutes and practice in the state courts, conditioned to pay all damages and costs that shall be awarded against the complainants and in favor of the defendant, "upon the trial or final hearing of the cause, or upon the dissolution of the injunction," and no damages are awarded by the court upon the final hearing of the case and the dissolution of the injunction, no suit can be maintained upon the bond under the ruling of the United States supreme court in Bein v. Heath, 12 How. [53 U. S.] 168.

[Cited in Lea v. Deakin, 13 Fed. 514.]

3. The fact that suit can be maintained upon a similar bond given in the state court, under the state statutes, does not rule the practice in the federal court.

Charles E. Pope, for plaintiff.

Samuel Appleton, for defendants.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

DRUMMOND, Circuit Judge. A suit was brought by the plaintiff [Frank Deakin], a subject of the queen of Great Britain, against [Charles W.] Lea and [James D.] Perrins, also subjects of Great Britain, and [John] Crerar, a citizen of Illinois. No one of the defendants was served with process. On the 21st of June, 1879, Lea and Perrins, by their counsel, entered their appearance in the cause solely for the purpose of petitioning the state court in which the suit was brought, for the removal of the cause to this court, "and for no other purpose whatsoever." On the same day, Crerar filed a demurrer to the declaration, and at the same time all three of the defendants petitioned the court for the removal of the cause to this court on the ground that Deakin was an alien and a subject of the queen of Great Britain, and Lea and Perrins were also aliens and subjects of Great Britain, and Crerar was a citizen of Illinois, and gave bond as required by the act of congress.

If Lea and Perrins had not thus appeared, but Crerar only had appeared and moved to transfer the case to this court, I think there could be no doubt of the jurisdiction of the court. The case being in this position, a motion was made in 1879 to remand the cause, which was overruled, partly because of the subject-matter—a bond taken under the order of a court of the United States. [Case No. 3,695.] I think that by the appearance of Lea and Perrins, although for the purpose alone of having the case transferred to this court, when the case came here they were subject to the jurisdiction of this court, and that for all the purposes of jurisdiction it was the same as though process had been personally served upon them. However, it may not be necessary to decide that question according to the view which I take of the case.

This being the status of the case, the counsel have argued the demurrer of Crerar to the declaration. Undoubtedly this is an action against each of these defendants separately; that is to say, each one is liable for any damages that may accrue upon the bond and for which an action is maintainable; and it would therefore be competent if the demurrer were overruled, for Crerar to stand by his demurrer and let judgment go as to him upon the demurrer and for the other two to plead jointly or separately.

The difficulty about this case consists in the peculiar phraseology of the last clause of the second section of the act of 1875 [18 Stat. 470]: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the circuit court of the United States for the proper district." It does not give the power of removal in a case where there is a controversy between a citizen of the United States and a citizen or subject of a foreign state or country; but in this class of cases it must be a controversy between citizens of different states of this Union.

Now this is a controversy between a subject of the queen of Great Britain, two subjects of the same country, and a citizen of the state of Illinois, if we assume that all three of the defendants are before the court and subject to its jurisdiction. I shall retain the case for the reasons given when the motion to remand was overruled. See Deakin v. Lea [Case No. 3,695].

As to the merits of the demurrer, my opinion is that the case of Bein v. Heath, 12 How. [53 U. S.] 168, is in the way of maintaining any action on this bond in favor of the plaintiff.

That was a case where the parties gave an injunction bond with a condition such as was prescribed by the practice in the state of Louisiana. The condition of the bond was: "the above bounden Mary Bein and Gilbert S. Hawkins and James McMasters, sureties, will well and truly pay to the said Mary Heath, the defendant, in said injunction, and plaintiff in said case of seizure and sale, all such damages as she may recover against us in case it should be decided that the said injunction was wrongfully obtained."

The supreme court says, that this being a condition in conformity with the usage or law of Louisiana, there could be no suit maintained upon the bond because, being a bond given in the courts of the United States, it was not in conformity with the practice of the court or according to established principles of equity that an assessment should be made of the damages in that case by the federal court. The language of the court is: "And when an injunction is applied for in the circuit court of the United States sitting in Louisiana, the court grant it or not according to the established principles of equity, and not according to the laws and practice of the state in which there is no court of chancery, as contradistinguished from a court of common law. And they require a bond, or not, from the complainant with sureties, before the injunction issues, as the court, in the exercise of a sound discretion, may deem it proper for the purposes of justice. And if, in the judgment of the court, the principles of equity require that a bond should be given, it prescribes the penalty and the condition also. And the condition prescribed by the court in this case, but which was not followed, is the one usually directed by the court.

"In proceeding upon such a bond, the court would have no authority to apply to it the legislative provisions of the state. The obligors would be answerable for any damage or cost which the adverse party sustained, by reason of the injunction, from the time it was issued until it was dissolved, but to nothing more. They would certainly not

be liable for any aggravated interest on the debt, nor for the debt itself, unless it was lost by the delay, nor for the fees paid to the counsel for conducting the suit.

"But the bond in the case before us, is not one to pay the damages which the opposing party should sustain by reason of the injunction, but it is to pay the damages that might be recovered against them; obviously referring, we think, to the practice in Louisiana above mentioned. A court proceeding according to the rules of equity cannot give a judgment against the obligors in an injunction bond when it dissolves the injunction. It merely orders the dissolution, leaving the obligee to proceed at law against the sureties, if he sustains damage from the delay occasioned by the injunction. This was done by the circuit court in the former suit between the parties. No judgment was or could be given against the obligors for debt or damages, and none were recovered against them previously to the institution of this suit. The contingency on which they agreed to pay has not, therefore, happened, and the condition of the bond is not broken, and consequently no action can be maintained upon it."

Now, the condition of this bond is: "If the above bounden, Charles W. Lea and James D. Perrins, their executors and administrators, and any of them, shall well and truly pay, or cause to be paid to the said Frank Deakin, or his assigns, all damages and costs that shall be awarded against said Lea and Perrins, complainants, and in favor of said defendant, Frank Deakin, upon the trial or final hearing of the said cause, or upon the dissolution of said injunction by reason of the wrongful or improper issuance of the same, then the above obligation to be void, otherwise to be and remain in full force and effect." In the opinion which I gave before, I cited several cases decided by the supreme court of this state, in which it had been held that an action could be maintained on a bond of this kind, and the damages assessed in a suit on the bond, before the act was passed authorizing a court of equity to assess damages on the dissolution of an injunction. After that act was passed the supreme court of this state, held that the damages must be assessed by the court on dissolving the injunction in order to entitle the party to maintain a suit, but afterwards, in the Revised Statutes of 1874, the law was changed and there was a proviso declaring, in substance, that the fact that no damages were assessed by the court dissolving the injunction should not preclude a party from maintaining a suit upon the bond; and since that condition was annexed to the statute the appellate court has held that a suit was now maintainable on the bond with a condition such as is contained here, notwithstanding the court which dissolved the injunction did not assess any damages. That being the state of the law in Illinois, if it were not for the case of Bein v. Heath [supra], I should be inclined to sustain an action upon this bond, notwithstanding the condition; but I do not see very well how I can do so, and it strikes me it will always be an insuperable obstacle in the way of a suit upon this bond, and that it will make no difference whether the decision is made here or in the state courts, for this decision of the supreme court of the United States, will control the one as well as the other, and the state court would have to follow it as we have. I think, upon its authority, I must sustain the demurrer to the declaration. In the language of the supreme court in that case, which in principle is precisely like this, "the contingency on which they agreed to pay has not, therefore, happened, and the condition of the bond is not broken, and consequently no action can be maintained upon it."

It was a bond given under the authority of the federal court just as this bond was given. In that case the condition of the bond was prescribed by the court, but it was not followed. In this case the condition of the bond was not prescribed, but the court required that a bond in the penalty of $5,000 should be given, and the bond was given with the amount named. If this decision is to stand, then it seems to me it will be in the way always of a recovery upon this bond.

The demurrer of Crerar will be sustained.

Consult preceding case of Deakin v. Lea [Case No. 3,695], and succeeding case of Lea v. Deakin [13 Fed. 514].