## LEA and another *v.* DEAKIN.

*(Circuit Court, N. D. Illinois.  1882.)*

INJUNCTION—DISSOLUTION—INDEMNIFICATION—PRACTICE.

> Where an injunction has been dissolved, the better practice is for the court which issued the injunction to assess the damages caused by its issuance, and not compel the party injured to resort to an independent action at law to procure indemnification, if he can thus be indemnified.

*Appleton & Collier*, for plaintiffs.

*Chas. E. Pope* and *Geo. C. Christian*, for defendant.

DRUMMOND, C. J.   During the progress of this cause an injunction was issued against the defendant, and afterwards, on application of the defendant, the injunction was continued, upon condition that a bond with proper sureties should be given.   There were thus three bonds given in this case.   After the case had been decided on the merits in this court in favor of the defendant, and had gone to the supreme court of the United States, and been returned to this court on a stipulation of the parties reversing the decree entered in this court, the plaintiffs voluntarily dismissed their bill at their own cost, and the injunction which was issued in the case was dissolved. Thereupon the defendant moved the court to assess the damages which he had sustained in consequence of the issuing and continuance of the injunction.

The litigation between these parties has been one of long standing, and this court has decided, on suits which have been brought upon some of the injunction bonds given during the progress of the suit, that as there was no order of this court assessing the damages of the defendant, suits could not be maintained upon the bonds.   *Deakin v. Stanton*, 3 FED. REP. 435; *Deakin v. Lea*, 14 Chi. Leg. News, 297. The condition of these bonds was as follows: The first, "to pay all damages and costs that shall be awarded against said plaintiffs, and in favor of said defendant, Frank Deakin, upon the trial or final hearing of the matters referred to in said bill of complaint;" in

the second, "to pay all damages and costs that shall be awarded against said Lea & Perrins, complainants, and in favor of said defendant, Frank Deakin, upon the trial or final hearing of the said cause;" and in the third, "to pay all damages and costs that may be awarded against said Lea & Perrins, complainants, and in favor of said Frank Deakin, defendant, upon the trial or final hearing of said cause, or upon the dissolution of said injunction, by reason of the wrongful or improper issuance of said injunction."

The construction put by the court upon these several conditions was that they referred to damages to be assessed by the court in which the suit was pending, and under whose order the injunction bond had been given, following the case of *Bien* v. *Heath*, 12 How. 168. What was said in that case as to the right of a court of chancery to assess the damages against a party at whose instance an injunction had been obtained, has been modified by the opinion of the supreme court in the case of *Russell* v. *Farley*, decided at the last term, in which the English authorities are fully considered; and it seems to be intimated that a court of chancery has the inherent power to assess the damages under such circumstances. 4 Morr. Trans. 410. We think this view is more in accordance with the principles of equity practice against a party in whose favor the injunction is granted. That court orders the injunction, prescribes the terms upon which it shall be issued, and may require a bond, stipulation, or undertaking as a condition upon which it shall be issued or not, according to its own view of the circumstances of the case. An assessment of damages thus becomes an incident of the principal case, and enables the court to do entire equity between the parties. If the party against whom the injunction has been issued can thus be indemnified, it would seem to be the duty of the court to proceed in the case, and not compel him to resort to an independent action at law to accomplish that result.

The litigation which has grown out of the controversy in this case, and the suits which have been brought upon some of the bonds, have induced the district judge and myself to fully consider this question in the light of all the authorities which have been presented, and we have come to the conclusion that the sounder and better rule is for the court of chancery, where an injunction has been dissolved, to go on and assess the damages which the party against whom it issued has sustained, and it will accordingly be considered hereafter that practice may be adopted in this court.