### COOSAW MIN. CO. *v.* FARMERS' MIN. CO. *et al.*

*(Circuit Court, D. South Carolina. June 17, 1892.)*

INJUNCTION BOND—ASSESSMENT OF DAMAGES—ACTION ON.
    A federal court, which, on granting a temporary injunction, requires the giving of a bond for possible damages, may, on dissolving the injunction, itself decide what damages, if any, should be paid; and it would never send the bond to another jurisdiction to be sued upon, and only in very exceptional cases would it send the matter before a jury.

In Equity. Bill by the Coosaw Mining Company against the Farmers' Mining Company and B. R. Tillman and others, constituting the board of phosphate commissioners of the state of South Carolina. A temporary injunction having been granted and dissolved, defendants now move that the injunction bond be delivered to them to bring such actions thereon as they may be advised. Motion denied, and a special master appointed to take testimony as to the damages.

*J. L. McLaurin*, Atty. Gen., and *Mower, Mitchell & Smith*, for the motion.

*McCrady, Sons & Bacot* and *Smythe & Lee*, opposed.

SIMONTON, District Judge. Upon filing the bill in this case, the court, on the 6th day of March, 1891, granted the prayer of complainant for a temporary injunction. The order for the injunction required the complainant to enter into bond, with surety, in the penal sum of $25,000. Such bond was executed. Its condition is that the complainant and its sureties shall pay to the defendants "any and all damages which they may suffer by reason of the injunction, if it shall be finally determined that the complainant in this action is not entitled thereto." The order granted leave to the defendants to move for the dissolution of the injunction at any time after eight days' notice. The defendants answered. Notice of motion to dissolve the injunction was made on the 6th October, 1891; and on the 5th April, 1892, an order was made dissolving the injunction. Meanwhile, pending this bill, the defendants B. R. Tillman and others, the board of phosphate commissioners, filed their complaint, with summons, to the state court, praying an injunction against the present complainant. The injunction was granted, and the

cause was then removed into this court. The complaint, in substance, set out the same case as was set up in the answer to the bill filed originally here, and the answer of the Coosaw Mining Company was substantially the same as their bill here. The case presented precisely the same issues. At the hearing of the cause so removed the injunction was made perpetual, thus sustaining the position of the present defendants. See 47 Fed. Rep. 225. This decision of the circuit court was carried on appeal to the supreme court, was heard thereon, and the circuit decree was affirmed on the 4th day of April, 1892. See 12 Sup. Ct. Rep. 689. The next day this injunction was dissolved. A motion is now made "that the bond given under the order of 6th March, 1891, be delivered to defendants to bring such actions under the conditions thereof as they may be advised." There can be no question that the court can either decide for itself what damages, if any, should be given upon the dissolution of an injunction, secured by a bond given under its order, or it can deliver the bond to the defendants for the purpose of suit thereon in a court of law. This court would never send the bond for suit in another jurisdiction, and in very rare cases would it send the bond before a jury. The suit, from its inception, is in this court. The conduct of the parties is always under its supervision. The character of the questions involved, and the ease or difficulty in reaching a conclusion upon them, can nowhere be as well known as in the court which heard, considered, and decided them. The court also can determine whether any further proceedings are necessary; and may content itself, after fixing costs on the complainant, with an order that no further damages can be recovered against it. *Russell* v. *Farley*, 105 U. S. 446. In the present case I think it best to follow the course finally decided upon in *Novello* v. *James*, 5 De Gex, M. & G. 876, quoted and criticised in *Russell* v. *Farley*. I do not wish, however, to decide in advance, or to intimate an opinion on, the question whether further damages should be allowed. I think it the better practice, because it is seldom that a chancellor without evidence can say whether or not a party has been damaged, or to what extent. It is ordered that the defendants produce before the master such evidence of damage as they may claim, with leave to complainant to reply thereto, if it be so advised, and that the testimony so taken be reported to the court. Let J. E. Hagood be the special master in this behalf.