### WEST v. EAST COAST CEDAR CO.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

#### No. 427.

1. APPEAL—QUESTIONS REVIEWABLE—ALLOWANCE OF COSTS IN EQUITY.

The awarding of costs in equity is discretionary with the court, and no appeal lies from its action in the matter.

2. SAME—APPEALABLE ORDERS—FINALITY OF DECREE.

A decree dismissing a bill, upon which an injunction pendente lite has been issued, conditioned on the giving of a bond by complainant, is final and appealable, notwithstanding it orders a reference to a master to ascertain what, if any, damages have been sustained by defendant by reason of the injunction, since such order does not relate to a matter within the pleadings, but is made simply in execution of the decree.

3. INJUNCTIONS—ANCILLARY SUITS—DISMISSAL.

A suit for an injunction against waste, ancillary to an action in ejectment by complainant against defendant, is properly dismissed on the entry of judgment for defendant in the law action.

4. SAME—DAMAGES FOR BREACH OF BOND—POWER OF COURT TO ALLOW.

Whether or not a court of equity, which has, in the exercise of its discretion, required a bond to be given as a condition to the issuance of an injunction, has jurisdiction to assess damages for the breach of such bond on dissolving the injunction, it has power to decide whether damages shall be allowed; and a reference to ascertain what, if any, damages have been sustained by defendant, is within its discretion.

Appeal from the Circuit Court of the United States for the Eastern District of North Carolina, at Raleigh.

For opinion below, see 110 Fed. 727.

T. B. Womack, for appellant.

E. F. Aydlett and F. H. Busbee, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and JACKSON, District Judge.

SIMONTON, Circuit Judge. This case comes up on appeal from the circuit court of the United States for the Eastern district of North Carolina. An action at law to recover possession of an interest in a large tract of land was pending on the law side of the court. The plaintiff at law, William A. West, filed a bill on the equity side of the court, praying an injunction against the East Coast Cedar Company, the defendant, restraining it from cutting timber on the land in dispute pending the action at law. An injunction was issued, and as a condition thereto an injunction bond was required from complainant. The

case at law having terminated in favor of the defendant in this suit, the bill was dismissed, the injunction was dissolved, costs and disbursements were awarded the defendant, and the court adds:

"That defendant recover of the complainant and the sureties on the injunction bond such damages as defendant has suffered by reason of the issuing of such injunction. It is further ordered by the court that this cause be referred to Wm. M. Bond, Esq., of Edenton, N. C., who is hereby appointed special master for that purpose, to ascertain and report to this court what damages, if any, defendant has suffered by reason of the injunction aforesaid."

Leave was granted to appeal from this judgment. The cause is here on several assignments of error, to wit: (1) Error in dismissing the bill; (2) error in dissolving the injunction before a final hearing, and at such final hearing dismissing at the cost of defendant; (3) in that costs were to be taxed against complainant, and not against the defendant; (4) in that it was adjudged that defendant recover of complainant and his sureties on the injunction bond such damages as the defendant may have suffered by reason of the issuing of the injunction and referring the case to a special master to ascertain and report the same, whereas his honor should have decreed that the complainant was not liable for any damages upon the injunction bond in this case.

The second and third assignments of error cannot be entertained in this court. They complain that costs are taxed against complainant. Costs in equity are within the discretion of the court, and hence no appeal lies to this court in the matter of costs. Stuart v. Boulware, 133 U. S. 78, 10 Sup. Ct. 242, 33 L. Ed. 568; Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Mining Co. v. Sweeney, 24 C. C. A. 578, 79 Fed. 277. No abuse of this discretion is shown. Clarke v. Warehouse Co., 10 C. C. A. 393, 62 Fed. 328.

With regard to the first and fourth assignments of error, there is doubt at the threshold whether the decree below is final. If it had stopped at the dismissal of the bill, of course it would have been final. But continuing, the court below ordered a reference to inquire and report what damages, if any, defendant has suffered. So the bill is dismissed in words, but it is retained in effect, for the purpose of ascertaining the damages. The test of the finality of a decree is that, if it be affirmed in the appellate court, nothing will be required of the court below but to execute its own decree. Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73. Or as it is put in Mower v. Fletcher, 114 U. S. 127, 5 Sup. Ct. 799, 29 L. Ed. 117:

"A judgment of a superior court remanding a case to an inferior court for entry of judgment, and leaving no judicial discretion to the latter as to further proceedings, is final."

In the case at bar the order relating to the injunction bond, and damages thereunder, cannot be said to be within the pleadings. It is ordered simply in execution of the decree.

In McGourkey v. Railroad Co., 146 U. S. 545, 546, 13 Sup. Ct. 172, 36 L. Ed. 1076, the law is thus stated:

"It may be said in general that if the court make a decree fixing the rights and liabilities of the parties, and thereupon refer the case to a master for a ministerial purpose only, and no further proceedings in court are contemplated, the decree is final. But if it refer the case to him as a sub-

ordinate court, and for a judicial purpose,—as to state an account between the parties, upon which a further decree is to be entered,—the decree is not final. But even if an account be ordered taken, if such accounting be not asked for in the bill, and be ordered simply in execution of the decree, and such decree be final as to all matters within the pleadings, it will still be regarded as final."

The provision in the order of the court below with reference to the damages is simply in execution of the decree, and imposes no judicial duties on the special master. He is to decide nothing. We are of the opinion that this decree, under this case, is final. This being the case, we see no error in the court below in dismissing the bill. It was filed only as ancillary to the suit at law, in order that matters should remain in statu quo pending the result of that case. The case at law has ended in favor of the defendant. The case in equity has served its purpose, and should be dismissed.

The complainant, however, appeals, and assigns for error the order respecting the damages secured by the injunction bond. The requirement of a bond from complainant in granting an injunction is a matter within the discretion of the court. The amount of such a bond is also within its discretion. Even where a bond has been required, it is still within the discretion of the court whether it ought to be enforced. Russell v. Farley, 105 U. S. 442, 26 L. Ed. 1060. It has been doubted whether the court, when a bond has been taken, can assess the damages, or leave the defendant to his action at law on the bond. In Bein v. Heath, 12 How. 168, 13 L. Ed. 939, Chief Justice Taney said, in so many words, that in such a case the bond must be sued at law. And this opinion was followed by Mr. Justice Curtis, on circuit, in Merryfield v. Jones, 2 Curt. 306, Fed. Cas. No. 9,486. But Mr. Justice Bradley, speaking for the court in Russell v. Farley, supra, discussing these cases and others quoted to it, says:

"Upon a careful examination, we are not satisfied that they furnish any good authority for disaffirming the power of the court having possession of the case, in the absence of any statute to the contrary, to have the damages assessed under its own direction. This is the ordinary course in the court of chancery in England, by whose practice the courts of the United States are governed, and seems to be in accordance with sound principle. The imposition of terms and conditions upon the parties before the court is an incident to its jurisdiction over the case, and, having possession of the principal case, it is fitting that it should have power to dispose of the incidents arising therein, and thus do complete justice and put an end to the litigation."

He also says, if it has this power, it is a matter of discretion. These remarks of Mr. Justice Bradley are obiter dicta. In Meyers v. Block, 120 U. S. 214, 7 Sup. Ct. 525, 30 L. Ed. 642, the power of the court of equity to impose any terms in its discretion in granting or continuing an injunction is stated as beyond question. In Coosaw Min. Co. v. Farmers' Min. Co. (C. C.) 51 Fed. 107, the circuit court, in a case of this character, assumed jurisdiction to assess the damages. The reasons given are that the suit, from its inception, was in that court; the conduct of the parties is always under its supervision; the character of the questions involved, and the ease or difficulty in reaching a conclusion upon them, can nowhere be as well known as in the court which heard, considered, and decided them. Be this as it

may, it is clearly within the power of the court to decide whether or not damages be allowed in a case where an injunction bond has been given. This was the precise point decided in Russell v. Farley, supra. This is within its discretion. The order of the court below refers to a special master the duty of inquiring whether or not defendant has suffered damages, and to what extent. This was simply to furnish it with information as a guide to the exercise of its discretion. The report on the inquiry may induce the court to content itself with fixing the costs only on complainant. "On this point the judgment of the court approaches so near to an exercise of discretion that we would require a very clear case to be made in order to induce us to reverse it." Russell v. Farley, 105 U. S. 446, 26 L. Ed. 1060.

The decree of the circuit court is affirmed.