## MICA INSULATOR CO. v. COMMERCIAL MICA CO.

(Circuit Court, N. D. Illinois, E. D.   December 18, 1907.)

No. 28,284.

1. INJUNCTION—RIGHT TO DAMAGES FOR WRONGFUL INJUNCTION.

A formal injunction bond is not an indispensable prerequisite to the assessment of damages on the dissolution of an injunction, but the court has power, on the granting of an injunction, to impose as a condition that complainant shall pay any damages sustained by defendant in case it shall be determined that the injunction should not have issued, and in such case, if complainant avails himself of the writ, he is bound by the condition, and on dissolution of the injunction damages may be awarded the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 397–407.]

2. SAME—ADJUDICATION OF WRONGFUL ISSUANCE.

The dismissal of a bill on the merits for want of equity, and the dissolution of a preliminary injunction issued thereon, is a determination that the injunction was wrongfully issued for the purpose of entitling the defendant to recover the damages thereby sustained, although it may have been properly granted on the showing made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 397–407.]

3. APPEAL—FINAL DECREE—REFERENCE ON COLLATERAL MATTER.

A decree dismissing a bill for want of equity, dissolving a preliminary injunction previously granted and awarding damages to defendant for its wrongful issuance, is final, and may be appealed from, notwithstanding the fact that it directs a reference to ascertain the amount of such damages, which relates to a matter not within the issues.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error,. § 476.]

In Equity.   On motion to amend decree.

Kenyon & Kenyon (Charles A. Brown, of counsel), for complainant. William R. Rummler (Henry D. Beam, of counsel), for defendant.

KOHLSAAT, Circuit Judge. Complainant was granted a preliminary injunction herein on July 17, 1906. On the next day defendant moved the court for an order requiring complainant to give an injunction bond in the premises, which was denied by the court. On the same day, complainant's counsel being present, the court entered an order as follows, viz.:

"It is ordered that the order for preliminary injunction, entered herein on the 17th instant, be, and the same is, hereby modified by adding the following, to wit: It is further ordered that the complainant pay the defendant such resulting damages as it may sustain in case it be finally decided that said injunction ought not to have been granted."

No appeal was taken by either party to the granting of the temporary injunction, nor to the entry of said above recited modifying order. Ten days thereafter complainant took out the writ. Afterwards such proceedings were had that on the 8th day of November, 1907, the court entered an order dissolving the preliminary injunction and dismissing the bill for want of equity at complainant's costs, and, as a part of the order, decreed as follows, viz.:

"And the question of damages, if any, resulting to the defendant from the wrongful granting of the said injunction, is hereby reserved for the further order of the court herein."

The cause is now before the court on the motion of complainant to strike said last cited clause from the decree on the grounds (1) that by reason of said clause said decree is not an appealable order; (2) that, no injunction bond having been taken, under the rule laid down for federal procedure in such cases, no damages can be assessed under the facts in this case. These questions will be considered in their inverse order. In Russell v. Farley, 105 U. S. 433, 26 L. R. A. 1060, it is held:

"The question then arises whether the Circuit Courts have any power to make a decree on the subject of damages arising from an injunction, where an injunction bond has been required. Where no bond or undertaking has been required, it is clear that the court has no power to award damages sustained by either party in consequence of the litigation, except by making such a decree in reference to the costs of the suit as it may deem equitable and just. Has it any such power, or any power over the subject where such a bond has been given? For a solution of this question, it will be proper to advert briefly to the history and object of this kind of obligations."

In Meyers v. Block, 120 U. S. 206, 7 Sup. Ct. 525, 30 L. Ed. 642, the following language is used:

"By the law of Louisiana damages may be recovered for suing out an injunction without just cause, independently of a bond. Florance v. Nixon, 3 La. 291. But this cannot be done in the United States courts. Without a bond no damages can be recovered at all. Without a bond for the payment of damages or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution. It is only by reason of the bond and upon the bond, that he can recover anything."

In Tobey Furniture Company v. Colby (C. C.) 35 Fed. 592, Judge Blodgett said:

"The power of courts of equity, on application for a preliminary injunction pendente lite to require from the complainant a bond to indemnify the defendant sought to be enjoined, as a condition on which such injunction is grant-

ed, is too well established to be subject to question at this day. 2 Daniell, Ch. Pr. 1660, 2 High, Inj. § 946; Walk. Pat. § 688; Shelly v. Brannan, 4 Fish. Pat. Cas. 198 (Fed. Cas. No. 12,751); Fruit Jar Co. v. Whitney, 1 Ban. & A. 361. Probably the better authority is that if a preliminary injunction is granted after notice and hearing, without the requirement of a bond, the defendant is remediless, except in cases where the defendant is able to show that the complainant had no probable cause for the writ, and obtained it by imposition upon the court. Gorton v. Brown, 27 Ill. 489, 81 Am. Dec. 245; Sturgis v. Knapp, 33 Vt. 486; Cox v. Taylor's Adm'r, 10 B. Mon. (Ky.) 17."

Taking some of the language used above literally, it would seem that defendant is concluded thereby. The general tenor of the decisions, however, must not be overlooked. In Russell v. Farley, supra, the court uses the terms "bond or undertaking has been required." In Meyers v. Block, it is said damages cannot be recovered "without a bond for the payment of damages or other obligation of like effect." In Tobey Furniture Co. v. Colby, Judge Blodgett tentatively makes the holding contended for with the qualification: "Probably the better authority is," etc. He does not cite either of the foregoing cases. In none of the foregoing cases did the facts require a decision upon the question here presented. On the other hand, the power of courts to impose terms upon parties obtaining injunctions is distinctly affirmed in Russell v. Farley, supra. "It is," says the court, "a power inherent in the court as a court of equity, and has been exercised from time immemorial." And, again:

"The court will take into consideration what means it has of putting the party who may be ultimately successful in the position he would have stood if his legal rights had not been interfered with."

And, again:

"The imposition of terms and conditions upon the parties before the court is an incident to its jurisdicton over the case, and, having possession of the principal case, it is fitting that it should have power to dispose of the incidents arising therein, and thus do complete justice and put an end to further litigation."

In Meyers v. Block, supra, the court says:

"As to the power of a court of equity to impose any terms in its discretion as a condition of granting an injunction, there can be no question."

In Lea v. Deakin (C. C.) 13 Fed. 514, Judge Drummond, speaking for himself and the district judge, says:

"The court orders the injunction, prescribes the terms upon which it shall be issued, and may require a bond, stipulation, or undertaking as a condition upon which it shall be issued or not according to its own view of the circumstances of the case."

It therefore seems clear that a formal injunction bond is not an indispensable prerequisite to the assessment of damages in the dissolution of an injunction, and that the court has power to impose conditions upon the granting of an injunction. It is through no fault of the defendant that it is before the court on this motion without a formal bond. It relied upon the order of court, which was, I think, clearly either a condition upon which the injunction would be issued, or, having been issued, continued in force. Not only that, it imposed upon the complainant an obligation to make good to the defendant any damages sustained within its terms in case it was continued in force. The

complainant accepted and acted under it. To hold otherwise under the circumstances of this case would be most inequitable. When complainant proceeded to avail itself of the injunction, it became obligated to make good to defendant its damages in the premises; so that the case comes wholly within the foregoing decisions of the Supreme Court.

It is contended that the court has not decided that the injunction was wrongfully issued. The original cause was decided upon its merits against the complainant, and the injunction was specifically dissolved. The question is not whether the case as presented to the court in the motion for a preliminary injunction justified the granting of the injunction. Perhaps that matter might go in mitigation of damages. It was not necessary for defendant to appeal from the order granting it in order to take advantage of the condition upon which it was granted. Complainant was bound to make good its claim as to the actual facts, not the meager case made on the preliminary hearing. The case of Tullock v. Mulvane, 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657, is cited by defendant as settling this point. There the complainant had stipulated out of the case all the facts upon which the writ had been granted, and the court held that the decree was a final determination that the injunction was wrongfully issued. The case is not squarely in point, as there was no stipulation in the cause at bar. However, the finding of the court that the injunction was wrongfully issued should have equal weight.

Was the order of November 8, 1907, a final order? In McGourkey v. Railroad Co., 146 U. S. 546, 13 Sup. Ct. 172, 36 L. Ed. 1079, it is. said:

"But even if an account be ordered taken, if such accounting be not asked for in the bill, and be ordered simply in execution of the decree, and such decree be final as to all matters within the pleadings, it will still be regarded as. final"—citing Craighead v. Wilson, 18 How. 199, 15 L. Ed. 332, and Winthrop Iron Co. v. Meeker, 109 U. S. 180, 3 Sup. Ct. 111, 27 L. Ed. 898.

In West v. East Coast Cedar Company, 113 Fed. 742, 51 C. C. A. 416, the Circuit Court of Appeals for the Fourth Circuit holds that, where nothing remains to be done but to execute its own decree, the order of a court is final. In that case an injunction bond was given, and the matter stood on reference to a master to ascertain what damage defendant had sustained by reason of the issuance of the injunction. If the order of the court directing payment of damages in case it was decided that the injunction was wrongfully issued, as a condition of granting such order, can be held to take the place of a formal obligation, the above case is squarely in point. Unquestionably the matter of the assessment of damages on the dissolution of the injunction was not within the pleadings in this case. It was no part of the relief sought. The cases cited for complainant apply to accountings. and other requirements arising out of the prayer of the bill, and are not in point here. Some objection is made by complainant's counsel to the form of the order of November 8, 1907, in that it reserves the whole question as to whether defendant is entitled to damages in any case for the future order of the court. At that time the questions involved had not been presented and argued, and the desirableness of a final order was not urged. In view, however, of the short time the

patent in suit has to run, it is desirable that complainant be placed in position to appeal without any uncertainty. As the court has now been fully advised of the legal status of the cause and the position with reference thereto of counsel, there is no reason why the matter should not be placed in definite form. The court finds that defendant is entitled to have its damages in the premises assessed against complainant under the circumstances, and that the cause should be referred to a master to ascertain and state the same if any.

It is therefore ordered that the said order of the court entered November 8, 1907, be and the same hereby is vacated. It is further ordered and decreed that the injunction heretofore granted be, and the same is hereby, dissolved, and the bill of complaint be, and the same is hereby, dismissed for want of equity, at complainant's costs, and that the defendant have execution therefor. And, said cause coming on to be heard upon the motion of defendant to cause an accounting to be had to ascertain what, if any, damages defendant has sustained by reason of the wrongful issuance of said injunction, it is ordered that said application for damages be referred to a master in chancery of this court to ascertain the same, and report to the court his finding in the premises.