CIMIOTTI UNHAIRING CO. et al. v. AMERICAN FUR REFINING
CO. et al.

(Circuit Court, D. New Jersey.   January 3, 1908.)

1. INJUNCTION—LIABILITY FOR WRONGFUL INJUNCTION—LIMITATION BY BOND.
There is no statute or rule restricting the discretion of a federal court in fixing the amount of an injunction bond or in imposing terms as a condition of granting an injunction, and in the absence of such statute or rule, where the court in its discretion has fixed the amount of such bond which has been given, the liability of the complainant is limited to such amount which covers everything, including both damages and costs.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 542.]

2. SAME—ENFORCEMENT IN INJUNCTION SUIT.
A federal court of equity, which has required a complainant to give a bond as a condition to the granting of an injunction, has power, in its discretion, on the dissolution of the injunction, to assess the damages recoverable on such bond.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 544–552.]

3. EQUITY—FINDINGS OF MASTER—PRESUMPTION SUPPORTING.
It is the settled rule that the conclusions of a master on matters of fact have every reasonable presumption in their favor, and are not to be set aside or modified unless there clearly appears to have been error or mistake on his part.

4. INJUNCTION—ENFORCEMENT OF BOND IN INJUNCTION SUIT—SUMMARY DECREE AGAINST SURETY.
Where an injunction bond provides that the loss or injury and damages sustained by the defendants shall be "ascertained as the court shall direct," the surety becomes a quasi party to the proceeding, and the court may enter a summary decree, and award execution against it in the original suit.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 544–552.]

In Equity.   On exceptions to master's report.

Louis C. Raegener and S. L. Moody, for complainants.
Henry Schreiter, for defendant American Fur Refining Company.

LANNING, District Judge.  By their bill of complaint the complainants sought an injunction to restrain the defendant from an alleged infringement of patent No. 383,258 for a machine for removing the stiff hairs from seal skins and other furs.  A preliminary injunction was issued under an order dated August 28, 1902, which contained this provision:

"This order is upon condition that complainants give a bond with good and sufficient surety or sureties, to be approved by the court, in the sum of $15,-000, to indemnify the defendant corporation until the entry of an interlocutory decree upon final hearing herein, against loss or injury due to the improvident or erroneous grant of this order, and provided the court finally dismisses the bill of complaint herein."

On September 1, 1902, the court approved an undertaking, presented by the complainants, but executed only by the Lawyers' Surety Company of New York, by which that company declares that it "hereby undertakes in the sum of fifteen thousand dollars to indemnify the defendant corporation in the above-entitled matter so enjoined until

the entry of an interlocutory decree upon final hearing herein against loss or injury, not exceeding the said sum of fifteen thousand dollars, due to the improvident or erroneous grant of this order, and provided the court finally dismisses the bill of complaint herein, such loss or injury and damages therefor to be ascertained as the court shall direct." The order for a preliminary injunction was sustained by the Court of Appeals. On final hearing a decree adjudging infringement was granted, and the Court of Appeals reversed the decree, and ordered the bill to be dismissed, and the Supreme Court affirmed the Court of Appeals. See (C. C.) 117 Fed. 623, 118 Fed. 838, 55 C. C. A. 513, 120 Fed. 672, 123 Fed. 869, 59 C. C. A. 357, and 198 U. S. 399, 25 Sup. Ct. 697, 49 L. Ed. 1100. On February 9, 1904, this court made an order directing a master "to take proofs in the case, to ascertain and report to the court what loss and damages defendants have suffered, if any, by reason of the granting of the preliminary injunction against them on the 28th day of August, 1902, and until the entry of the interlocutory decree entered herein on the 21st day of February, 1903." By his report, dated June 7, 1907, the master finds that the defendant, the American Fur Refining Company, has sustained the following loss and damages:

1. Loss of profits from September 3, 1902, to February 21, 1903.. $12,591 12
2. Trade lost during the same period.......................... 3,000 00
3. Expenses incurred solely by reason of the injunction......... 2,815 58

Total ............................................. $18,406 70

To this report the complainants have filed exceptions, and the present hearing is on those exceptions.

The first and second exceptions raise the question whether the aggregate amount of loss and damages should not be limited by the $15,000 for which the bond of the surety company was given. The damage arising from the grant of an injunction pendente lite, in the absence of any statute or rule of court regulating the practice, is damnum absque injuria. For this reason the court sometimes requires a bond of indemnification against damages to be given as a condition of the grant. As the court has discretionary power to grant an injunction without such bond, it has discretionary power to fix the amount of the bond in case one be required. When a bond is given, its penal sum is notice to the applicant for injunction of the maximum risk he must assume if the injunction be issued. He cannot be required to assume a burden greater than that which the chancellor in the exercise of his discretion has imposed. I think $15,000, the sum mentioned in the court's order and the penal sum mentioned in the bond, fixes the maximum amount that can be assessed against the defendant company for the loss and damage sustained by the defendants. There is no statute or rule restricting the discretion of a federal court in fixing the amount of an injunction bond, or in imposing terms as a condition of granting an injunction. Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060; Meyers v. Block, 120 U. S. 206, 214, 7 Sup. Ct. 525, 30 L. Ed. 642. The master reports that he has ascertained the amount of damages sustained by the defendant corporation without reference to the penal sum mentioned in the surety company's bond, for the reason

that the order of the court required him so to do. In this I think he was right. The rule that was to guide him in the performance of his duty was contained in the order of reference, and in that alone. It required him to ascertain and report to the court what damages, if any, the defendant company had sustained. If the damages found by him exceed the amount of the bond, or the amount specified in the injunction order, the court must take that fact into consideration when the time comes for making its decree of assessment, and limit the amount to a sum not exceeding the penal sum mentioned in the bond.

No question is raised concerning the power of this court to assess the damages. In Russell v. Farley, supra, the Supreme Court, though not deciding the point, said it was inclined to think such power exists. It was so held in Lea v. Deakin (C. C.) 13 Fed. 514; Coosaw Mining Co. v. Farmers' Mining Co. (C. C.) 51 Fed. 107; and Tyler Mining Co. v. Last Chance Mining Co., 90 Fed. 15, 32 C. C. A. 498. In West v. East Coast Cedar Co., 113 Fed. 742, 51 C. C. A. 411, it was held that, in any event, the court has the power, in such a case as the present one, to ascertain the amount of damages. In my judgment there is no want of power in this court to assess the damages. As pointed out by Mr. Justice Bradley in Russell v. Farley, the court of chancery in England exercises it, and the practice of that court, except as it may be modified by acts of Congress or by rules of court, has been generally adopted in equity cases by our federal courts. What damages, then, shall be assessed? The injunction bond fixes the amount. It is all "loss or injury, not exceeding the said sum of fifteen thousand dollars, due to the improvident or erroneous grant of this (the injunction) order, and provided the court finally dismisses the bill of complaint herein." The grant of the injunction order was erroneous, and the bill of complaint has been dismissed. Speculative or remote damages, or those which are merely consequential, are not to be allowed. The bond covers only the damages that are the proximate and natural result of the injunction. High on Inj. § 1663; 2 Beach, Mod. Eq. Prac. § 771.

By the ninth exception the complainants insist that the master's allowance of $3,000 for loss of trade is erroneous. I think it quite probable that the evidence upon which this allowance was made is too uncertain to furnish the basis of an award for damages. Whether that be so or not, however, is immaterial to the decision of this case. The other allowances—$12,591.12 for loss of profits, and $2,815.58 for expenses—notwithstanding the objections to them by the eighth and tenth exceptions, seem to be amply supported by the proofs. These two sums exceed $15,000, and unless the master has clearly erred in ascertaining them, there should be an assessment for the sum of $15,-000. The well-settled rule is that the conclusions of a master on matters of fact have every reasonable presumption in their favor, and are not to be set aside or modified unless there clearly appears to have been error or mistake on his part. Tilghman v. Proctor, 125 U. S. 149, 150, 8 Sup. Ct. 894, 31 L. Ed. 664; Callaghan v. Myers, 128 U. S. 666, 9 Sup. Ct. 177, 32 L. Ed. 547; Crawford v. Neal, 144 U. S. 596, 12 Sup. Ct. 759, 36 L. Ed. 552; Davis v. Schwartz, 155 U. S. 636, 15 Sup. Ct. 237, 39 L. Ed. 289; Girard Insurance Co. v. Cooper, 162 U. S.

538, 16 Sup. Ct. 879, 40 L. Ed. 1062. With this rule before me I cannot set aside the master's findings on these two questions of fact.

The other exceptions to the report have been considered, but they are deemed to be without merit. There will be an order fixing the amount of the damages at the sum of $15,000.

### Memorandum on Settlement of Final Decree.

The damages sustained by the defendants in this case have previously been assessed against the complainants at the sum of $15,000. The defendants now apply for a decree that the defendant the American Fur Refining Company recover from the complainants the Cimiotti Unhairing Company and John W. Sutton, and also from the Lawyers' Surety Company, the amount of the damages, with interest and costs. I think interest cannot be allowed, for the reason that the sum of $15,-000 is the full amount of the penalty named in the injunction bond executed by the Lawyers' Surety Company as surety. Neither do I think that the decree should include costs in addition to the above-mentioned sum of $15,000. The court, in the exercise of its discretion, exacted a bond from the complainants in the penal sum of $15,000. That bond covers everything, including both damages and costs.

The defendants also ask that the decree shall award execution for the $15,000, not only against the two complainants, but against the surety company. I have not had the aid of counsel in discussing the question as to whether the surety company can be regarded as a party or a quasi party to this proceeding in such a sense as that an execution can be awarded against it, or whether the defendants are left to their remedy against the surety company by an action at law on that company's undertaking. After a brief reference to the authorities, however, and in view of the fact that the undertaking of the surety company provides that the "loss or injury and damages" sustained by the defendants shall be "ascertained as the court shall direct," I have concluded that the defendants are entitled to such a decree. The cases that have led me to this conclusion are Tyler Mining Co. v. Last Chance Mining Company, 90 Fed. 15, 32 C. C. A. 498; Empire, State-Idaho Mining & Developing Company v. Hanley, 136 Fed. 103, 104, 69 C. C. A. 87; Russell v. Farley, 105 U. S. 445, 446, 26 L. Ed. 1060.

I will therefore modify the draft of the decree submitted to me by the defendants in accordance with the conclusion above expressed, and sign it as thus modified.