UMBREIT, Respondent, vs. AMERICAN BONDING COMPANY OF
BALTIMORE, Appellant.

*January 10—January 31, 1911.*

*Injunction bond: Liability of surety: By what law governed: State
and federal courts: Payment of damages "awarded."*

1. The liability of a surety on an injunction bond given in a suit in
   a federal court pursuant to a law of the United States is gov-
   erned by the principles adopted and applied by the federal
   courts, not by the state law.
2. Under the laws of the United States as expounded by its courts
   the condition of a bond for payment of such damages as may
   be *awarded* by reason of the issuance or continuance of an in-
   junction is not broken so as to make the surety liable until the
   amount of the damages is assessed and determined and the
   principal obligor has refused to pay the amount awarded.

APPEAL from an order of the circuit court for Milwaukee
county: W. J. TURNER, Circuit Judge. *Reversed.*

The complaint in substance sets forth that one Albert W.
May commenced an action in the United States circuit court
for the Eastern district of Wisconsin against the plaintiff,
praying for an accounting for the proceeds of a judgment in
the custody of the clerk of the circuit court for Milwaukee
county, Wisconsin; that an order was entered directing said
clerk to retain the proceeds of said judgment during the pend-
ency of such action, and an injunction bond in the usual form
was given; that thereafter a final decree was entered in said
action, dismissing the bill of complaint for want of equity and
directing the temporary injunction theretofore issued in said
suit to remain in force for thirty days so that a *supersedeas*
bond might be filed for the purpose of an appeal, if said May
so elected; that thereafter said May applied to the court for
an appeal from said decree, and the court directed that such
appeal be allowed upon said May giving a bond according to
law in the sum of $750, "which bond should operate as a
*supersedeas* bond to continue in force the temporary injunc-

tion theretofore issued during the pendency of said appeal;" that said May, with the defendant in this action as surety, executed and filed a *supersedeas* bond approved by the judge of the court, a copy of which is made a part of the complaint; that said action was determined by the United States circuit court of appeals for the Seventh circuit and the decision of the lower court was affirmed; that plaintiff sustained damages by reason of said injunction to the amount of $584.59, no part of which has been paid; and that Albert W. May is a nonresident without the jurisdiction of the court in which the action was brought and is an insolvent. A bill of particulars was attached to the complaint showing the various items that went to make up the aggregate amount of damages claimed. The bond was in the sum of $750. The condition of the bond was that "if the said Albert W. May shall prosecute his said appeal to effect and shall answer all damages and costs that may be awarded against him if he fail to make his plea good, then the above obligation to be void; otherwise to remain in full force and virtue. This bond shall operate as a *supersedeas* bond."

To this complaint the defendant interposed a general demurrer on the ground that the complaint did not set forth facts sufficient to constitute a cause of action. An order was entered overruling such demurrer, and from such order this appeal is taken.

For the appellant there was a brief by *Churchill, Bennett & Churchill,* attorneys, and *Warren B. Wilson,* of counsel, and oral argument by *Mr. W. H. Churchill* and *Mr. Wilson.*

For the respondent there was a brief by *Joseph B. Doe,* attorney, and *A. C. Umbreit, in pro. per.,* and oral argument by *Mr. Doe.*

BARNES, J. The liability of a surety on an injunction bond given in a suit in the federal courts pursuant to a law of the United States is not governed by the local law of a par-

ticular state, but is governed by the principles of jurisprudence adopted and applied by the federal courts. *Bein v. Heath,* 12 How. 168; *Tullock v. Mulvane,* 184 U. S. 497, 513, 22 Sup. Ct. 372. By the laws of the United States as expounded by its courts, where the surety undertakes to pay such damages as may be *"awarded"* by reason of the issuance or continuance of an injunction, there is no breach of the condition of the bond as to the surety until the amount of the damages is assessed and determined by a court of competent jurisdiction, or in some other lawful way, and the principal obligor has refused to pay the amount awarded; and no action can be maintained on the bond against the surety in the absence of such assessment. *Bein v. Heath, supra; Deakin v. Lea,* 11 Biss. 34, 38. It is the duty of this court to declare the federal law as it finds it, and what is here decided has no application to bonds given in actions and proceedings in the courts of this state. In view of what has been said, it is unnecessary to determine whether the complaint shows the bond sued on to be only an ordinary *supersedeas* bond or a *supersedeas* and injunction bond combined, and we do not determine that question.

The action is not brought on an award and the complaint shows affirmatively that none has been made. It follows that the complaint does not state a cause of action against the surety and that it was error to overrule the demurrer.

*By the Court.*—The order appealed from is reversed, and the cause is remanded with directions to enter an order sustaining the demurrer.