REDLICH MFG. CO. v. JOHN H. RICE & CO.

(District Court, E. D. Pennsylvania. March 24, 1913.)

No. 851.

1. INJUNCTION (§ 241*)—WRONGFUL ISSUANCE—REMEDY—ASSESSMENT OF DAMAGES—ACTION ON BOND.

Where an injunction has been improvidently issued, a District Court sitting in equity has power to assess the damages, without compelling defendants to sue at law on the bond.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 544-552; Dec. Dig. § 241.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INJUNCTION (§ 241*)—WRONGFUL ISSUANCE—ASSESSMENT OF DAMAGES.

Whether the court from which an injunction has been improperly issued will itself assess the damages, or remit the defendant to an action on the bond, is a matter of discretion.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 544–552; Dec. Dig. § 241.*]

3. INJUNCTION (§ 241*)—WRONGFUL ISSUANCE—DAMAGES—ASSESSMENT—TIME.

Where it had been determined that a preliminary injunction had been wrongfully issued, but it did not appear that on final hearing plaintiff might not be able to show that the injunction was in fact justified, an application for an ascertainment of damages caused by the issuance of the injunction prior to final decree was premature.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 544–552; Dec. Dig. § 241.*]

In Equity. Action by the Redlich Manufacturing Company against John H. Rice & Co. On motion for appointment of a special master to assess damages for the wrongful issuance of an injunction. Denied.

Cyrus N. Anderson, of Philadelphia, Pa., for complainant.
Frank S. Busser, of Philadelphia, Pa., for respondent.

J. B. McPHERSON, Circuit Judge. **[1-3]** In this case the District Court granted a preliminary injunction in July, 1912, but the Court of Appeals disapproved the order, and accordingly it was dissolved on March 8, 1913. The plaintiff had given security, conditioned to "indemnify the said defendants for all damages which may be sustained by reason of said injunction"; and the pending motion asks the immediate appointment of a special master to ascertain these damages. The plaintiff objects, on the ground that the motion is premature, because the evidence has not yet been heard and a final decree has not been entered. In my opinion the objection is well founded. I agree that the District Court, sitting in equity, has the power to assess the damages itself without compelling the defendants to sue at law on the bond. Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060; Lea v. Deakin (C. C.) 13 Fed. 514; Coosaw Co. v. Farmers' Co. (C. C.) 51 Fed. 107; Lehman v. McQuown (C. C.) 31 Fed. 138; Tyler Co. v. Last Chance Co., 90 Fed. 15, 32 C. C. A. 498; West v. Cedar Co., 113 Fed. 742, 51 C. C. A. 416. But the exercise of the power is a matter of discretion, and usually the final result of a litigation will be an important factor in determining whether the power shall be used. As a general rule I think the ascertainment of the damage caused by the erroneous issue of a preliminary injunction should await the final decree. The case before the court affords an example of the reasons for this conclusion. At the present stage of the controversy it has been decided that on the evidence thus far offered the preliminary injunction should have been refused; but whether a final injunction should be granted after all the evidence has been heard may be a different matter, and at all events has not yet been considered. Conceivably, the situation disclosed at the preliminary hearing may be greatly modified, or may even be wholly changed, after fuller investi-

gation; and, if the final decision should be in the plaintiff's favor, this might have a good deal of influence when the court came to decide whether damages should be recovered by reason of the premature issue of the injunction, and how they should be assessed. There is likely to be some difference between the penalty for obtaining an injunction that has altogether failed of support, and the penalty for obtaining an injunction that may, indeed, have been granted somewhat hastily but has in the end been justified. The result of the cases is thus stated in 22 Cyc. 1027:

"Although under the peculiar conditions of particular bonds it has been held that the right to damages is not postponed until after a final hearing on the merits, as a general rule no action at law can be maintained upon an injunction bond until the final determination of the cause in which the injunction issued, even though the injunction has been dissolved because improperly granted. It is held that no right of action accrues upon an injunction bond until the court has finally decided that plaintiff was not entitled to the injunction, or until something occurs equivalent to such a decision."

See, also, 16 A. & E. Ency. (2d Ed.) 454 (c), note 4, and 27 Cent. Digest, col. 2323, § 560.

The pending motion is premature, and is therefore refused; but the refusal is without prejudice to the defendants' right to renew the motion after final decree.