**STOODY CO. v. MIKELS et al.**

No. 801.

District Court, S. D. California, Central Division.

Aug. 7, 1941.

Hazard & Miller of Los Angeles, Cal., for plaintiff.

John Flam, of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The motion of the defendants to refer to a special master the matter of an accounting to determine the amount of damages sustained by reason of the improvident issue of the preliminary injunction, filed on July 17, 1941, and heard and submitted on August 4, 1941, is now decided as follows:

The motion is denied.

Briefly we state the grounds.

The Court may, in its discretion, *contemporaneously with the final decree,* either in it or in a special order, refer to a master for determination the matter of damages which may have followed from the improvident use of the injunction. Russell v. Farley, 1881, 105 U.S. 433, 26 L.Ed. 1060; Tyler Mining Co. v. Last Chance Mining Co., 9 Cir., 1898, 90 F. 15. However, it *cannot* and *should not* do so on a motion made long after the entry of the final decree which dissolved the injunction and disposed of the litigation.

The final decree in this case was entered on December 5, 1938. The mandate of the Circuit Court of Appeals, 9 Cir., 111 F.2d 920, affirming the decree was spread on the Minutes in November, 1940. The decree is silent on the subject of damages arising from the issuance of the interlocutory injunction. The present motion was made over two and one-half years after the final decree was entered. And even if we assume that the prosecution of an appeal may have stayed any provision in the decree ordering the ascertainment of damages,

the motion is made eight months after the decree has become final, and when it is beyond the reach of this or of any other court.

In the only cases which have been called to my attention as seeming to justify so belated a motion, the trial court made the order either on the same day on which it entered the final decree (I. T. S. Rubber Co. v. Tee Pee Rubber Co., 6 Cir., 1924, 295 F. 479) or before it was entered. Redlich Mfg. Co. v. John H. Rice & Co., D.C.Pa. 1913, 203 F. 722.[1] A case which seems to have escaped the attention of counsel and which, to my mind, rules definitely that a decree of dismissal, without a reference to ascertain the damages occasioned by the improvident use of an injunction, is final, is West v. East Coast Cedar Co., 4 Cir., 1902, 113 F. 742, 743. There, the Court had before it an appeal from a decree dismissing a bill in equity and ordering a reference to ascertain the damages suffered by reason of the issuance of an injunction. Both actions of the trial court were excepted to and challenged. On appeal, and in the excerpt from the opinion to follow, they are denominated the first and fourth assignments of error. Rejecting them, the Court said:

"With regard to the first and fourth assignments of error, there is doubt at the threshold whether the decree below is final. *If it had stopped at the dismissal of the bill, of course it would have been final.* But continuing, the court below ordered a reference to inquire and report what damages, if any, defendant has suffered. *So the bill is dismissed in words, but it is retained in effect, for the purpose of ascertaining the damages."* (Italics added.)

Here, the final decree was silent on the subject of damages that may have flown from the injunction.

■ It having become final, the defendants should be relegated to their alternative remedy, a separate action. The fact that the plaintiff made a similar motion on January 27, 1941, which was later withdrawn because the plaintiff declined to comply with the conditions as to prepayment of fees imposed by the Court, and that, in its memorandum filed in conjunction with the motion, it insisted that the Court had jurisdiction to entertain it, does not help the defendants. The defendants, had they wished, might have questioned the Court's

jurisdiction. But they did not. So, the Court was not called upon to determine the matter.

This does not foreclose the plaintiff from raising the question when confronted with a similar motion by the defendants.

*Inconsistency of position may be a sign of weakness. It is not proof of jurisdiction. Nor can it compel the exercise of judicial discretion.*

Hence the decision stated.

---

[1] Incidentally, in this case the order for ascertainment of damages was reversed as premature.